## McDOWELL v. BARTLETT *et al.*

1. PROMISSORY NOTE: TRANSFER. When L. M., a *femme sole*, the daughter of J. M., loaned money for her father, took a note therefor, payable to herself, and afterwards became a *femme covert*, and after her death her husband transferred the note, by indorsement, to J. M., it was held that J. M., being the real party in interest, could maintain an action thereon in her own name, under § 2757, Rev. 1860.

2. SAME: QUERE. Would the property in the note so vest in the husband at the death of the wife, as to enable him to transfer a complete title by indorsement?

*Appeal from Mahaska District Court.*

WEDNESDAY, DECEMBER 3.

THE facts are stated in the opinion of the court.

*Rice, Myers & Rice* for the appellant.

1. Actions must be brought in the name of the real party in interest. Rev. 1860, § 2757; *Freeman* v. *Brenham*, 17 B. Monr., 603.

2. A debt, *chose in action*, may be assigned by *parol;* and in chancery the assignee should sue in his own name. Rob. on Fr., 275; *Slaughter* v. *Foust*, 4 Blackf., 379.

3. The Revision has made the foregoing rule in chancery a rule of law. Rev., 1860, p. 460, and note.

4. A contract really for the principal, but in the name of the agent, may be sued in the name of the principal. 2 Sand., 706; 1 E. D. Smith, 273.

*Z. T. Fisher* for the appellee, cited *The State of Iowa* v. *Butterworth*, 2 Iowa, 158; *Scott for the use of Bolenbaugh* v. *Granger*, 3 Id., 447; *Barker* v. *Guilliam and Chapline*, 5 Id., 510; *Fear* v. *Jones*, 6 Id., 169; *Sheldon, Hoyt & Co.* v. *Middleton*, 10 Id., 17; *McLott, Corbin & White* v. *Savery*, 11 Id., 323.

BALDWIN, C. J. — The plaintiff states in his petition that the consideration for the note upon which this suit is brought, was money loaned by the plaintiff to defendant. The money was loaned for the plaintiff by his daughter, Lovinia McDowell, and the note made payable to her.

Before this suit was brought, Lovinia died. The note was never transferred to plaintiff by her, but was indorsed by the husband after her death. Letters of administration were never taken out upon the estate of the deceased. The cause was submitted to the court. When the note was offered in evidence, the defendants objected to its introduction, upon the ground that it showed upon its face that the plaintiff was not the party in interest in the note. The court found the following facts from the evidence introduced, viz.: "That the note sued on was in truth and in fact the property of the plaintiff and was at the commencement of the suit; that said note was given in consideration of certain money loaned to defendant by plaintiff; that said note was made payable to Lovinia McDowell for convenience; that when the note was made the said Lovinia

was unmarried; that she afterwards, and before the commencement of this suit, was married to one Lewis, and departed this life; that said note, in fact, never was in the possession of said Lovinia or of said Lewis, except that said Lewis, after the death of his wife, and before the commencement of this suit, indorsed the same in blank."

Upon these facts the court refused to admit the note in evidence, holding that the plaintiff was not entitled to recover on the note, for the reason that said note had never been indorsed by said Lovinia, and that plaintiff, so far as the note was concerned, was not the real party in interest.

We are of the opinion that the court erred in the rejection of this evidence. While it is true that the transferree of a negotiable note cannot sue in his own name without an indorsement by the payer, yet we think that there are exceptions to this rule, and the case before us is one of them. The statute requires that the suit must be brought in the name of the real party in interest, except in certain cases therein named. The evidence or the finding of the court fully determines the real party in interest in this note. It was the plaintiff's money for which the note was given; the transaction was for his use and benefit; the payee never had any interest therein, and never was in possession of the note. The absence of an indorsement by the payee, and the manner in which the plaintiff became the owner of the note, is fully stated. He is the actual party in interest, produces the note in court for cancellation, and, under the circumstances, we see no objection to his right of recovery thereon. Again, the note is indorsed by the husband. Granting that the note was given to the wife in good faith and for a valuable consideration received from her, does not the property in the note, at the death of the wife, so become vested in the husband that an indorsement by him would pass the legal title to the note to the plaintiff? We are inclined to the opinion that it would. With-

out determining this question, however, we hold that under § 2757 of the Revision, and upon the authorities by the commissioners there cited, the plaintiff could properly recover on the note in his own name.

Reversed.