CHARLES F. BEMIS, PLAINTIFF IN ERROR, vs. WM. MCKENZIE, DEFENDANT IN ERROR.

| 13 | 553 |
| 48 | 409 |

1. Under the rules, a plea of non-assumpsit is not a proper plea to a declaration upon a promissory note, but when the declaration contains other counts to which the plea of non-assumpsit is applicable, it is improper to strike out the plea as a nullity, unless a *nolle prosequi* be entered as to the other counts. The rule that the plea of non-assumpsit shall not be interposed, relates to suits upon bills of exchange and promissory notes, where they are the only causes of action upon which the plaintiff declares.

2. A promissory note indorsed after due, is transferred subject to the same conditions as to demand of payment and notice of dishonor as though it were endorsed before due. The indorsement is a conditional contract to pay in the event of a demand, or due diligence to make a demand, on the maker and his default.

3. The law of another State upon a subject matter in litigation is considered to be the same as the law of this State, until shown by due allegation and proof to be otherwise.

36

Error to Circuit Court of Madison county.
The case is fully stated in the opinion of the court.

*Papy & Peeler* for Plaintiff in Error.

It is maintained for the plaintiff in error that the court erred in striking out the plea of general issue.

The general issue was good as to the common counts.

If the plea was defective because it may be said to have extended to the whole declaration and not limited to the common counts, advantage could only have been taken of this by demurrer, and the court in that case should have granted leave to amend.

Where a plea extends to the whole declaration and is only applicable to a part, plaintiff may demur. Archbold's Civil Pleading, 168.

But under the recent rules, where the declaration containing a count on a bill or note, and also common counts, and the plea of non-assumpsit goes to the whole declaration, the plaintiff may sign judgment on the special count as for want of a plea and enter a *nolle prosequi* as to the common counts. 1 Chitty Pl., 515, note A.

Manifestly because the plea of non-assumpsit is good as to the common counts; if they remain, judgment for want of a plea cannot be taken. If not, then it equally follows that the plea cannot be stricken out unless the plaintiff had first entered a *nolle prosequi* as to the common counts.

We maintain that the court also erred in sustaining the demurrer to the 2d, 3d, and 4th pleas of the defendant.

The endorser of a note endorsed after it became due is equally entitled to notice of a demand of the maker as if endorsed before it fell due ; and a demand and notice is as necessary in the one case as in the other to charge the endorser. 2d New Hamp., 159 ; 6 Eng., 507 ; 14 Ark., 334 ; ib., 127 ; 7 Porter, 176 ; 18 Pick., 260, and authorities there cited ; 12 Martin's La., 176.

Whether the note be payable to bearer or order can make no difference. 7 Porter, 176 ; 9 Johnson, 121.

A note payable to bearer though transferred by mere delivery, may also be transferred by endorsement of the payee, in which case the endorser incurs the same liabilities and obligations as the endorser of a negotiable note payable to order. Story on Promissory Notes, sec. 132 ; Ch. on Bills, 12, Am. ed., 487, mar. p. 433.

*A. Patterson* for Defendant in Error.

The endorser of the note corresponds to the drawer of the bill ; the maker to the drawee or acceptor, and the endorsee to the payee or party to whom the bill is made payable. When this point of resemblance is once fixed, the law is fully settled to be exactly the same in bills of exchange and promissory notes. 6 Bac. Abr., 771.

The endorser is the same as the maker of a new note ; it is the making of a new contract between the endorser and endorsee. 1 Fla. Rep., 301.

If the draft be over due, this would amount to notice of some defect. Millen's Digest, 626 ; 15 Ga. Rep., 252.

If after dishonor of the note, the endorser promise to pay, such promise is evidence of due demand and notice. 7 Conn. Rep., 523.

No form of notice to the endorser of a promissory note has been prescribed by law. 1 Am. Lead. Cases, 368 ; 11 Wheaton's Rep., 431.

The promissory note sued upon in this case was made in the State of Georgia, Fort Gaines ; the makers and the endorser lived there, hence the laws of Georgia govern. The endorser is governed by the law of the place where the endorsement is made. Chitty on Bills, 167, 191 ; Edwards on Bills, 185.

Statute law of any State or Territory is evidence in the courts of this State. Th. Dig., 342.

By the laws of Georgia, it is not necessary that the en-

dorser should demand payment of the maker of a promissory note, and give notice of such demand to the endorser, in order to bind the said endorser, except which shall be given for the purpose of negotiation, or intended to be negotiated at a chartered bank, or may be deposited in a chartered bank for collection. Hotchkiss Statute Law of Georgia, 441 ; Code of Georgia, p. 526, section 2739.

WESTCOTT, J., having been of counsel, did not sit in this case.

RANDALL, C. J., delivered the opinion of the court.

McKenzie, defendant in error, sued Bemis in the Circuit Court for Madison county as endorser of a promissory note executed by W. B. Gilbert and John H. Gilbert, dated February 8th, 1860, for the sum of four thousand nine hundred and fifty-eight and 70-100 dollars, payable on the first day of January then next, and endorsed by Bemis to the plaintiff, the declaration alleging that the note was presented for payment and dishonored, and defendant notified thereof. The declaration also contained several common counts, as for money paid, money had and received, and money found due upon account.

To this the defendant pleaded,

*First.* Non-assumpsit.

*Second.* That he endorsed the note after due, and that demand of payment upon the makers was not made within a reasonable time after endorsement.

*Third.* That no notice of such demand within a reasonable time was given.

*Fourth.* That no notice of demand and non-payment had been given before the commencement of this suit.

The plaintiff moved to strike out the first plea on the ground that it is a plea of the " general issue, and as such, is inadmissible in an action of assumpsit under the rules of the court," and demurred to the other pleas on the ground

that the note being past due when the endorsement was made, no demand or notice of non-payment was necessary.

The court struck out the said first plea and sustained the demurrer to the remaining pleas, and judgment was given for plaintiff upon the note.

The defendant assigns for error the striking out of the first plea, and the sustaining of the demurrer, and giving judgment for plaintiff.

The ground of the motion to strike out the first plea is that the general issue or non-assumpsit is inadmissible in an *action of assumpsit.* This ground is not tenable, because the rules expressly recognize the right to plead non-assumpsit in actions of assumpsit, except on bills of exchange and promissory notes. It is true that the plea of non-assumpsit as to the count upon the note might be properly struck out, or treated as a nullity, and upon entering a *nolle prosequi* as to the common counts, the plaintiff might take judgment. 1 Chit. Pl., 515, A. But the plea was good as to the common counts. The rule prohibiting the plea of non-assumpsit is confined to cases where the action is *only* on the note and on the promise to pay contained in or implied by law from it. It is to be read as if it were worded thus : In all actions on bills of exchange and promissory notes *simpliciter*, without any other matter. 2 M. & W., 721, 722.

The plea of non-assumpsit should be held to apply to the common counts and not to the count upon the note. The court therefore erred in striking out the first plea, as it was a good plea to an entire part of the declaration.

As to the demurrer, the court in sustaining it virtually decided that no demand upon the makers, or notice of non-payment, was necessary in order to charge the endorser, the endorsement being made after the maturity of the note. The court, in Berry vs. Robinson, 9 Johnson, 121, held that a plaintiff was properly non-suited for not proving a demand on the maker and notice of default to the endorser. " Though the note was endorsed long after it was due, yet the endorsee

took it subject to this condition. The books make no distinction on this point, whether the note be endorsed before or after it is due. The endorsement in every case, where a drawer really exists, is a conditional contract to pay in the event of a demand, or due diligence to make a demand on the maker, and his default." The same is held in 2 N. H., 159 ; 21 Maine, 455 ; 3 Humphreys, 171 ; 6 Ala., 865 ; 4 Man. & Gr., 101 ; 18 Conn., 361 ; 26 Maine, 271 ; 2 Nott & McC., 283 ; 1 McCord, 199 ; 2 ib., 398 ; 2 Rich. 67 ; 25 Me., 409 ; 3 Wend., 75.; 8 S. & R., 351 ; 3 Bailey, (S. C.,) 457 ; 2 Conn., 419 ; 18 Pick., 260 ; 9 Ala., 153, 160. And it makes no difference whether the note is payable to bearer or to order. Story on Promissory Notes.

But it is insisted by the defendant in error that the note is dated in Georgia, and that by the law of Georgia it is not necessary that demand should be made and notice of nonpayment given, except in the cases of certain " Bank Paper."

The declaration, however, does not show that the note was made in Georgia, or that the parties to it resided there. The note, a copy of which is appended to the declaration, is dated " Fort Gaines," and the counsel says the court should take judicial notice that Fort Gaines is in that State. This is scarcely practicable, because there may be several localities bearing that name, and it is within the personal knowledge of members of this court that a place of that name is located in the State of Alabama. And in the absence of any express allegation or proof to the contrary, it is always held that the law of another State in reference to commercial transactions is deemed to be the same in the other State as it is in the State where the Court which hears the matter is sitting. The laws of other States and countries are matters to be proved upon a trial like other matters of evidence, and the laws of Florida have provided the manner of proving the statute laws of other States. There being no allegation

that the note or the endorsement was made in Georgia, there is no foundation laid for the introduction of such evidence.

The demurrer was improperly sustained.

The judgment is reversed and the cause remanded with directions that the court take such further proceedings as may be according to law.