WARNOCK v. RICHARDSON ET AL.

1. **Promissory Note**: ASSIGNMENT: PARTY. The holder of a negotiable promissory note may maintain an action thereon, though it has not been indorsed to him, by showing that he is the owner otherwise than by indorsement.

*Appeal from Decatur District Court.*

WEDNESDAY, APRIL 9.

ACTION on a promissory note. The cause was tried to the court without a jury, and judgment rendered for plaintiff. Defendants appeal.

*Harvey & Young*, for appellants.

*Warner & Bullock*, for appellee.

BECK, CH. J.—The note in suit is payable to the order of W. S. Warnock, administrator of the estate of J. B. Gird-

1. PROMISSORY note: assignment: party.

ner, deceased. The petition alleges "that said note was part of the assets of the estate of J. B. Girdner, deceased, and as such was turned over by the administrator, W. S. Warnock, to M. J. Girdner, guardian of the minor heirs of said J. B. Girdner, as a part of the distributive shares of said minor heirs; and said M. J. Girdner, guardian, as such guardian, is the holder and owner of said note."

The plaintiff is described in the proceedings as "W. S. Warnock, administrator of the estate of J. B. Girdner, deceased, for the use of M. J. Girdner, as guardian of minor heirs of J. B. Girdner, deceased."

The answer of defendants admits the execution of the note, but denies that plaintiff has the right to sue thereon. The note does not appear to be indorsed by the payee. The record does not disclose the evidence upon which the case was tried.

The defendants regard M. J. Girdner as the plaintiff, and counsel for plaintiff seem to concur in this view.  Without inquiring whether this position be correct, we regard it as admitted, and consider the case accordingly.

The holder of a negotiable note may maintain an action thereon, though it has not been indorsed to him, by showing that he was the owner under an assignment made otherwise than by indorsement.  *Barthol v. Blakin*, 34 Iowa, 452; *Moore et al. v. Lowrey et al.*, 25 Iowa, 336; *Allison et al. v. Barrett*, 16 Iowa, 278.

The record fails to show that there was not evidence authorizing the court to find that the note had been transferred to plaintiff in some manner recognized by the law as valid.  We will presume there was such evidence.

AFFIRMED.