PENSACOLA GAS COMPANY, APPELLANT, vs. J. C. PEBLEY, APPELLEE.

1. The construction and use of gas works, the percolations from the refuse of which pollute and make the water in the wells of an adjoining land owner unfit for household purposes, and unfit for the use of stock, is a nuisance, and the party injured thereby is entitled to damages.

2. The practice, where a jury awards excessive damages is, for the plaintiff to enter a *remittitur* for the excess. This is a voluntary act on the part of the plaintiff, and although the Judge stated at the time, that unless the plaintiff entered the *remittitur* he would set the verdict aside and grant a new trial, the plaintiff is estopped from saying that it was entered under compulsion.

3. A special plea tendering an issue covered by the plea of not guilty, is improper and demurrable.

Appeal from the Circuit Court for Escambia county.

The facts of the case are stated in the opinion of the court.

*J. C. Avery* for Appellant.

(1.)

The court below erred in sustaining the defendant's demurrer to the amended declaration.

The allegation is that, by means of percolation, water impregnated with impurities from defendant's gas works, polluted the water in plaintiff's well and rendered it foul and unwholesome.

If the injury were occasioned by water running in defined channels and polluted by the defendant's works, there could be no question made of plaintiff's right to recover from the defendant. But such is not the case presented.

The contention of the defendant, on this point, is that no damage was done to plaintiff's well except such as resulted from his own act in drawing water coming to his well through the pores of the ground. If this water was tainted on defendant's premises, or by defendant's act at a locality under defendant's control, plaintiff would have sustained no injury but for raising that water to the surface and then finding it in the condition resulting from the prior use of it by defendant. For this no action lies. This position is fully sustained by the case of Ballard vs. Tomlinson, 26 Ch.

Div.; 194, quoted at page 194 of 48 American Reports, note. It is also sustained by a line of decisions cited in Woods on Law of Nuisances, at page 120, note.

It seems that, in reason, there can be no difference between depriving one of the use of water, as in the cases last cited, and rendering the water useless to him, as in the case at bar and the case of Ballard vs. Tomlinson, *supra.*

This principle seems a most reasonable one, especially in the case of an institution of public utility, as that of the defendant, when there has been no carelessness.

### (2.)

Defendant's second plea which was demurred to and overruled, was intended to raise the question whether the absence of negligence and wilfulness, in the acts complained of, would not exonerate the defendant, though it might otherwise be held responsible.

In the Michigan case cited in Wood on Nuisances, sec. 115, and note (1,) on page 120, reasons are given why the question of negligence should be considered material.

### (3.)

The records of conviction in the cases of the State vs. Ryals, and State vs. Zeek, should not have been admitted. They could only have been material as a basis for exemplary or punitive damages; and the court expressly said that this was not a case for the allowance of such damages.

### (4.)

The court below erred in refusing the following instructions : If you find from the evidence that the plaintiff has been damaged, as he alleges in his declaration, by the acts of the agents or employees of the defendant, but there has been no negligence on the part of the defendant's agents or employees, then the defendant would not be responsible to the plaintiff for any such damage, and you must find for the defendant.

This instruction was intended to present the same point of law made by the second plea above mentioned.

The court likewise erred in refusing the following instruction, embodying in a different shape the same idea:

If you find from the evidence that the plaintiff has been damaged, as alleged in his declaration, but that he would not have been so damaged but for natural causes which could not have been reasonably foreseen by the defendant's agents or employees, then you must find for the defendant.

(5.)

The court erred in refusing the following instruction: In this action the plaintiff can only recover such damages as he has actually sustained.

This instruction is in the line of the court's opinion that this is not a case for exemplary damages. All other damages are actual damages. The court was under a misapprehension as to the meaning of the terms compensatory damages and actual damages, as appears in the charges given and excepted to. The attempt was made to draw a distinction between the two, whereas, they are identical. Smith vs. Bagwell, 19 Fla., 121.

(6.)

As in the opinion of the court this is not a case for exemplary damages, the following instruction was erroneously refused: The plaintiff cannot recover from the said defendant punitive or exemplary damages unless the injury complained of was inflicted from wanton or malicious motives, or reckless disregard of the rights of others.

It was also a proper charge in a case involving matters alleged as a basis for exemplary damages. Woods on Nuisances, sec. 868.

The *remittitur* does not cure the error. It was not in the power of the court to say or know what portion of the damage awarded was intended by the jury as compensation for the inconvenience, &c., and what as exemplary.

JANUARY TERM, 1889. 385

Pensacola Gas Company vs. Pebley—Argument of Counsel.

(7.)

The following instruction was asked for on the theory of the demurrer to the declaration : If you find from the evidence that the plaintiff has been injured, as he claims, and that the injury has resulted solely from the percolation through and by means of the pores of the ground, then the defendant would not be responsible for any damage resulting therefrom to the plaintiff.

(8.)

The motion for a new trial should have been granted because, in addition to the principles of law above mentioned, which were ruled against the defendant, the evidence shows that it is impossible that the plaintiff's well could have been injured by the percolation of substances through the soil from deposits made by defendant's employees. The locality of the well was far removed from the gas works and at a greater elevation. The deposits were carried to the other side of the railroad, and thence carried by the rains and floods down the Long Hollow, through the city of Pensacola. And no complaint was heard of injury to the wells or premises of persons along the route. That the plaintiff's well and others were injured, in some way, seems clear, but that the injury came from the gas works of the defendant, seems impossible.

(9.)

The court charged the jury : This is an action brought by the plaintiff against the defendant gas company to recover damages from the defendant for polluting the wells of water of plaintiff upon the premises from the percolation of distasteful, unhealthful and noisome infections from the discharge of such substance by defendant gas company, upon the ground, so near defendant's well as to render the water

386 • SUPREME COURT.

Pensacola Gas Company vs. Pebley—Opinion of Court.

unfit for the ordinary use made of the water of their wells by plaintiff.

This instruction is erroneous in that it states as a fact that plaintiff's wells of water were polluted by the acts of defendant. This very thing was a point in issue which the jury should have been left to decide. They had no alternative left them by this charge but to find for the plaintiff.

(10.)

The court further charged the jury as follows: If you find from the evidence before you that the water in plaintiff's well was rendered unfit for ordinary use of the plaintiff, and that it was so rendered unfit for use by the defendant in the manufacture of gas escaping therefrom, or by being thrown upon the ground and percolating through the earth to the water that supplies the plaintiff's well, then you will determine from the evidence what is the actual damage for the injury to the plaintiff, and that will be your verdict for actual damages to the plaintiff. You may also find some reasonable amount, if you find for the plaintiff, as compensatory damages, that is, such damages as are not susceptible of proof before you, to compensate the plain vexation of the nuisance.

These charges being based upon the idea that actual and compensatory damages are different, are erroneous. The effect of them was that the jury might find as compensatory damages something more than the plaintiff had actually sustained.

*W. A. Blount* for Appellee.

MITCHELL, J.: This suit was brought by Pebley, plaintiff below, against the Pensacola Gas Company, defendant, and the declaration alleges that "for years last past the plaintiff has been the owner and possessor of lots 1 and 2

JANUARY TERM, 1889.     387

Pensacola Gas Company vs. Pebley—Opinion of Court.

and part of lot 3, square 25, in the East King tract, in the city of Pensacola, which is improved, and upon which the plaintiff has resided since November, 1884; that on or about June 15, 18?4, the defendant erected in the vicinity of the said real estate, gas works for the manufacture of illuminating gas from Naptha or oil, and have ever since been actively engaged in the manufacture of said gas. That during said time the said defendant has in the manufacture of said gas continuously and negligently caused and permitted the refuse products arising from the said manufacture to run upon the ground and to penetrate the sam ᵥ so that the water in the wells upon the said real estate of plaintiff became, and has continued for the eighteen months last past, and still continues, unpalatable, nauseous and unhealthy, so that plaintiff was unable, and has continued and continues to be unable, to use the same, and plaintiff has been put to great expense, trouble an ᵢ inconvenience in endeavoring to procure water to supply the needs of himself and his family, residing upon said real estate, but has not been and is not wholly able to supply the said needs."   *   *   *   Plaintiff claimed damages in $2.000.

The declaration was demurred to in that " the same is bad in substance in that it fails to set forth any cause of action."

The demurrer was overruled. The defendant pleaded first, not guilty. Second plea, "that it has not been guilty of the negligence in the doing of the acts of which the plaintiff complains against it." This, the second plea, was demurred to and the demurrer sustained. The issues were then submitted to the jury for trial which resulted in a verdict in favor of the plaintiff for $500.

At this stage of the proceedings the Judge, before whom the cause was tried, as stated by the plaintiff and admitted by the defendant, informed counsel for plaintiff that unless

a *remittitur* was entered for one-half the amount of the judgment he would set aside the verdict and grant a new trial. The *remittitur* was entered and verdict entered in favor of the plaintiff for $200. Defendant moved for a new trial, which motion was overruled; and from the order so overruling said motion the defendant appealed.

The plaintiff being dissatisfied with the order of the court as aforesaid took his cross appeal.

The errors assigned by the gas company appellants are : That the court erred,

1st. In overruling the defendant's demurrer to amended declaration.

2nd. In sustaining plaintiff's demurrer to the 2nd plea.

3d. In admitting in evidence at the trial the information and record of conviction of J. V. Ryals.

4th. In admitting in evidence the information against and record of the conviction of C. F. Zeek.

5th. In refusing the special charges prayed for by the defendant.

6th. In giving to the jury the instructions excepted to by the defendant's motion for a new trial.

7th. In refusing to grant a new trial on the motion entered by the defendant.

The only error assigned by Pebley, upon his cross appeal, is that the court erred in requiring him to enter the *remittitur* as to one half the amount of the damages allowed him by the jury.

The first question that arises is did the court err in overruling demurrer to amended declaration?

The appellant gas company cites the case of Ballard vs. Tomlinson, 26 Chan. Div. L. R., 194, quoted at page 194, 48 Am. Repts., note, to show that the ruling upon the demurrer to amended declaration was erroneous, but in our opinion, there is but little or no analogy between the case cited,

JANUARY TERM, 1889. 389

Pensacola Gas Company vs. Pebley—Opinion of Court.

*supra*, and the one before us. The action, in the former case, was brought by the plaintiff to secure damages from the defendant for polluting the water in his, plaintiff's, well. The evidence showed that the plaintiff and defendant lived on adjoining lots of land, or lots near to each other, and that the plaintiff and defendant each had a well of water on his own land. That the defendant polluted the water in his own well, and that the plaintiff, by constant pumping, had exhausted the water around his well and that finally, by such continued pumping, he drew water from defendant's well into his own, which polluted the water therein. It was held that the plaintiff could not recover for the damage so done to his well. That so long as the water remained in the defendant's well he had the right to use it as he saw proper. That the defendant by no act of his let the water from his well upon the land of, and into the plaintiff's well, but that it was the plaintiff's own act that caused the water to leave defendant's well and enter into his own.

The evidence in the case before us shows that the plaintiff owned and resided upon the real estate situate in the city of Pensacola, and described in the declaration, from 1884 down to the trial of this cause, and that the Pensacola gas works were erected in the same year. That the water in the plaintiff's well, on his said premises, was pure and palatable and that it continued so till the spring of 1885. And the evidence tends to show, that in the spring of 1885, the plaintiff's well became polluted and the water tasted and smelt like gas, and that it became so unpalatable, nauseous and unhealthy that it was unfit for drinking or bathing and unfit for stock. That the gas works were located some two blocks from the plaintiff's said premises. That yellowish water and tar water refuse ran out from the gas works upon the common and that it smelt and tasted like gas. That this water ran out from the gas works 40 or 50 yards or

more. That the water so running out from the gas works smelt and tasted like the water in plaintiff's well after it had been so polluted as aforesaid. That the soil was sandy and that the water spread out over and sank down into it. Now the distinction or difference between the English case cited *supra* and the one at bar is very apparent. In the former, the injury was caused by the plaintiff's own act, and he could not recover; but in the latter the injury was not caused by any act of the plaintiff, and he was entitled to recover for the injury he had received. The amended declaration on its face showed that the plaintiff had a cause of action, and hence there was no error in overruling the demurrer thereto. The reason that the plaintiff was not entitled to recover in case of Ballard v. Tomlinson *supra*, under the circumstances of that case, does not hold good in the case at bar under entirely different circumstances. The appellant gas company had the right to use the water in and about the gas works as they pleased, but they had no right to allow the filthy water to escape from their premises and to enter the land of their neighbors. It was the duty of the company to confine the refuse from their works so that it could not enter upon and injure their neighbors, and if they did so, it was done at their peril, the escape of the refuse filthy water being in itself an evidence of negligence on the part of the gas company. Ball vs. Nye, 99 Mass., 582; Pottstown Gas Co. vs. Murphy, 39 Penn. St., 257; 108 ibid, 261; White vs. Chapin, 94 Mass., 516; Woods Law of Nuisances §§ 111, 112, 113, 114, 115, 116, 117, and note to § 15, and cases there cited.

There was no error in sustaining demurrer to second plea.

A special plea tendering an issue covered by the plea of not guilty is improper and demurrable under Rule 71 of Circuit Court.

We will consider the third and fourth assignments of error together. It is contended by counsel for Pebley that the evidence of the trial and conviction of Ryals and Zeek, agents and employees of the gas company, (said trials and convictions being for the identical nuisance complained of in this case,) was to show that the existence of the nuisance complained of had been brought home to the gas company, and that after which notice, and the continuance of the nuisance, the company was liable for exemplary damages. Counsel for the gas company contend that this evidence was illegal and that it should not have been admitted. But, be this as it may, the error in admitting this evidence, if any, was dissipated by the remark of the Judge presiding at said trial. The record shows that the plaintiff orally requested the Judge to instruct the jury upon the subject of exemplary damages, but that the Judge did then, in the presence of the said jury as they were about retiring, refuse to charge them upon said subject, saying that the case was not, in his opinion, a case for exemplary damages. This charge, for the language of the Judge amounts to a charge, although informal, was favorable to the defendant, and it could not have benefited the plaintiff. But in our judgment there was no error in admitting the evidence as to the trial and conviction of Ryals and Zeek. The only thing this evidence tended to show was that the defendant gas company continued the nuisance after they had notice thereof.

The next, 5th, error assigned that the court refused to give the special charges asked by defendant. We have carefully examined these several charges and compared them with the charge of the court, and after doing so we think that they were properly refused.

The 6th error we have considered. The charge of the court is fair, and in our opinion it is open to none of the objections urged against it.

The last error assigned by the appellant gas company is the refusal of the court to grant a new trial.

The 5th, 6th, 7th, 8th, 9th, 10th and 11th grounds of this motion we have already considered.

The remainder of the grounds are the mere formal, usual grounds in such cases. That the verdict is contrary to law, contrary to the evidence, contrary to the charge of the court, and that the damages awarded plaintiff were excessive. We can see no ground upon which this cause should be reversed by reason of anything shown in said motion for new trial.

The jury, as before stated, found for the plaintiff and assessed his damages at $500, and the Judge being of the opinion that the damages were excessive, so informed counsel for plaintiff, and stated to them that unless they entered a *remittitur* as to $300 of the amount of the damages so awarded by the jury, the verdict would be set aside and a new trial granted. The *remittitur* was entered by the plaintiff for $300, and judgment entered in favor of the plaintiff for $200, and this is the amount the gas company claim is excessive. Pebley contends that the damages awarded him by the jury ($500) were reasonable, that the *remittitur* so entered was entered under compulsion and that the court erred in compelling him to submit either to the remission of $300 or a new trial. The practice at this, when the jury awards excessive damages the plaintiff may enter a *remittitur* for the excess. This is a voluntary act on the part of the plaintiff, and after entering the *remittitur* he is estopped from saying that it was entered under compulsion. The Judge was of the opinion that the damages were excessive, and the plaintiff, by remitting a part thereof, admitted that they were excessive.

The charge of the court is as follows: "This is an action brought by the plaintiff against defendant gas company to recover damages from defendant for polluting the

wells of water of plaintiff upon the premises from the percolation of distasteful, unhealthful and noisome infiltrations from the discharge of such substance by defendant gas company, upon the ground so near plaintiff's wells as to render the water unfit for use, the ordinary use made of the water of the wells of plaintiff. The first question for you to determine is whether the wells of water upon the premises of plaintiff were rendered unfit for the ordinary use to which it was applied by plaintiff before suit was brought by plaintiff. If so, then the next question is, was this water in the wells of plaintiff so rendered unfit for use by defendant, the Pensacola Gas Company? You will determine these issues from the preponderance of the evidence before you of which you are the judges of the weight. If you determine these issues in favor of the defendant, then your verdict will be for the defendant. But if you determine from the evidence before you that the water in the plaintiff's well was rendered unfit for the ordinary use of plaintiff, and that it was so rendered unfit for such use by defendant's gas works, that is, by the water used by defendants in the manufacture of gas escaping therefrom, or by being thrown upon the ground and then percolating through the earth to the water that supplies plaintiff's wells, then you will determine from the evidence what is the actual damages for the injury to plaintiff, and that amount will be your verdict for actual damages to plaintiff. You may also find some reasonable amount if you find for the plaintiff as compensatory damages, that is, such damages as are not susceptible of proof before you to compensate the plaintiff for the vexation of the nuisance." The appellant gas company contends that the damages, $200, allowed the appellee, Pebley, were excessive.

The evidence tends to show that in consequence of the injury done plaintiff's well by the gas company, the plain-

tiff was actually subjected to very considerable expense. That the water in his well became unfit for drinking, bathing, cooking, and for the use of stock. That for the purpose of procuring pure water he had three new wells bored, but that the water in the new wells was unfit for use just as the water in the old well was; that the plaintiff paid for the boring of the new wells, and that he furnished and paid for the piping therefor; that he had, for a number of months, to send at some distance to his neighbors for all the water he used on his premises, and that for the bringing of said water he had to pay; and now, can it be said that the plaintiff was only entitled to actual damages? Under the charge of the court the jury were instructed that if they found for the plaintiff, their verdict should be for actual damages, and such reasonable compensatory damages as the jury, in their judgment, considered the plaintiff entitled to. The jury, by their verdict, found that the plaintiff was entitled to compensatory damages, and, in our opinion, the $200 damages allowed were not excessive.

The judgment as to both appeal and cross appeal is affirmed. The appellant gas company to pay the costs.