J. ALEXANDER LITTLE AND LOCKHART LITTLE, PLAINTIFFS IN ERROR, VS. LUCY T. BRADLEY, DEFENDANT IN ERROR.

1. An assignment of error, not argued in the appellate court, is considered as abandoned.

2. When the plaintiff admits a demurrer to his declaration on the ground of misjoinder of parties, and moves the court to be allowed to strike out the name of the party improperly joined and discontinue the case as to such party, the court does not err in granting such motion, and in permitting the plaintiff to amend the declaration in accordance therewith.

3. When a declaration alleged the making of a note in which it was provided that in the event the note was not paid at maturity, it might be placed in the hands of an attorney for collection, and in that event the makers and endorsers should pay an additional sum for attorneys' fees and further that one B. T. and the defendants guaranteed the payment of the note, and the declaration does not show any qualification or limitation of the contract of guaranty it is not obnoxious to demurrer on the ground that it "charges liability on the part of all the defendants for attorneys' fees, when the same shows on its face that only the maker of said note is liable therefor, at all."

4. A contract of guaranty may be co-extensive with the contract, the performance of which is guaranteed.

5. When the declaration shows that the real relation existing between the plaintiff and another person, to whom a note sued on is executed is that of *principal* and *agent*, and not that of *trustee and cestui que trust*, though the note is payable to the other person as trustee, under section 981 Revised Statutes authorizing suits by the real party in interest, the plaintiff may maintain the suit in her own name, though the note be not endorsed by the payee.

6. To a declaration charging the defendants with the guaranty of the payment of a note, non assumpsit is a proper plea.

7. Under section 1064 Revised Statutes, and Rule 64 of the Rules of the Circuit Court in common law actions, to a declaration charging the defendants with the guaranty of the payment of a note, a plea alleging that the defendants did not guarantee the payment of the note as alleged in the declaration is a permissible plea; and although such a plea is embraced in the plea of non assumpsit also filed, if not equivalent to it, yet, it is not for that reason subject to demurrer, though it might have been stricken by the

court as tending to embarrass a fair trial of the action. The ruling in Pensacola Gas Co. v. Pebley, 25 Fla., 381; 5 South. Rep., 593, that a special plea tendering an issue covered by the plea of not guilty is demurrable, is not in conformity with subsequent decisions, and is not approved.

8.  A plea which does not traverse any material fact alleged in the declaration, in terms thereof, but raises a question of law whether upon the facts stated in the declaration, and which the plea does not specifically deny, and therefore admits, the defendants can be held liable, is demurrable.

Writ of Error to the Circuit Court for Duval County.

*Statement.*

Defendant in error, Lucy T. Bradley, filed her declaration, the substance of the first count being that on or about May 15, 1893, one Bryan Taliaferro had in his hands three thousand dollars of the plaintiff's, and as agent of the plaintiff loaned the same to the Victoria Florida Phosphate Company, a corporation, which company on said day made and delivered to said Taliaferro, as trustee and agent of plaintiff, its promissory note whereby it promised to pay to the order of said Taliaferro, trustee, $3,000 one year after date, with interest at the rate of ten per cent. per annum until paid, payable semi-annually; with the further agreement that if said note was not paid at maturity it might be placed in the hands of an attorney at law for collection, and in that event they should pay an additional sum of three hundred dollars for attorneys' fees; and that defendants J. Alex. Little, Lockhart Little and Bryan Taliaferro, then and there jointly guaranteed payment of said note; and that said note was taken by said Taliferro as agent and trustee, and for the use and benefit of the plaintiff; that said Taliaferro departed this life about October 4th, A. D. 1893; that said note was at

maturity presented for payment, and dishonored, whereof defendants had notice, but did not pay the same, but thereafter paid plaintiff on account the interest from time to time to November 15th, 1895, and $500 on account of principal on July 3rd, 1895; that after said note was dishonored, it was placed in the hands of Fleming & Fleming, attorneys at law, for collection.

In the second count it is alleged that the Victoria Florida Phosphate Company on May 15th, 1895, by its promissory note, past due, promised to pay to the order of Bryan Taliaferro, trustee, $3,000, one year after date, with interest at the rate of ten per cent. per annum until paid, payable semi-annually, and further promised that if said note should not be paid at maturity, that it might be placed in the hands of an attorney at law for collection, and in that event the makers and endorsers should pay an additional sum of three hundred dollars for attorneys' fees; that the payment of said note was then and there jointly guaranteed by said Bryan Taliaferro, and by the defendants J. A. Little and Lockhart Little; that the consideration of said note was money of plaintiff loaned by her to said defendant company through said Taliaferro who was and acted as her agent in that behalf, and took said note for her use and benefit, and the plaintiff is the owner and holder thereof; that said Taliaferro departed this life about October 4th, 1893; that said note was at maturity presented for payment and dishonored, of which the defendants had notice, but did not pay same; that there had been paid on said note by defendants to plaintiff the interest to November 15th, 1895, and $500 on account of principal on the third of July, 1895, and that after said note was dishonored, it was placed in the hands of Fleming & Fleming, attorneys at law, for collection.

The third and fourth counts, being common counts, were withdrawn, and no question arises on them.

A note with endorsement thereon was filed with the declaration, but not made a part thereof.

Defendants filed demurrer to the declaration, assigning the following grounds:  1st. Said declaration contained no venue. 2nd. Misjoinder of the Victoria Florida Phosphate Company with defendants Little and Little. 3rd. Charging liability on the part of all the defendants for attorneys' fees, when it appears that only the maker of the note is liable therefor, if there is any liability.  4th. Plaintiff does not show any proper capacity to sue.

The plaintiff admitting the ground of demurrer as to misjoinder, (2nd ground) the court, on plaintiff's motion ordered that the name of the Victoria Florida Phosphate Company be stricken out as a party defendant and cause discontinued as to it, and the declaration be so amended.

The court overruled the demurrer, and required defendants to plead to the declaration.

Defendants filed the following pleas:  1st. To the first and second counts of the declaration that they never promised in manner and form as in the declaration alleged. 2nd. For a further plea to the first and second counts of the declaration, that they did not guarantee the payment of said note, as is alleged in said declaration.  3rd. For further plea to first and second counts defendants say they did not guarantee the payment of attorneys' fees as alleged in the declaration.

Plaintiff demurred to defendants' pleas as follows: 1st. That said pleas did not set forth sufficient ground of defence. 2nd. That the first plea is inadmissible to the said cause of action set forth in the declaration.  3rd. That the second plea states a conclusion of law.  4th. That the

alleged guarantee being in writing with copy attached to the declaration, that fact could only be traversed by the plea of *non est factum.*   5th. That the third plea states a conclusion of law.   6th. That the guarantee being for payment without limitation includes all payment provided to be made by the note.

The court made the following ruling on the demurrer: That the demurrer to the first, second and third pleas be sustained and defendants plead to the second and first counts on or before the tenth of November next.

Defendants thereafter filed the following plea to the first and second counts of plaintiff's declaration:   That they did not make the guarantee as in said declaration is alleged.   On motion of plaintiff this plea was stricken from the files on the ground that the same is a substantial repetition and reiteration of a plea of defendants in the cause which has been held bad on demurrer.   Plaintiff thereafter filed a præcipe for default, which was entered against the defendants which in substance declared that it appearing an order was made on the eighteenth of January, 1897, striking out defendants' pleas, and defendants not pleading further, default is entered against the defendants for want of defense. Afterwards a final judgment was entered against the defendants, and from this judgment the writ of error is sued out.   Assignments of error were filed and such of them as are essential to determine the case will be referred to in the opinion.

The other facts are stated in the opinion of the Court.

*H. H. Buckman,* for Plaintiffs in Error.

*Fleming & Fleming,* for Defendants in Error.

HOCKER, C., (*after stating the facts.*)

The first assignment of error is "that the court erred in overruling the defendants' demurrer to the plaintiff's declaration." The first ground of demurrer to the declaration is not argued by the attorney for plaintiffs in error in his brief, and is, therefore, considered as abandoned.

Plaintiff below admitted the second ground of demurrer to the declaration and the name of the Victoria Florida Phosphate Company was stricken out by order of the court and the declaration amended in accordance with this order. We discover no error in this order of the court. Smith v. Westcott, 34 Fla. 430, 16 South. Rep. 332.

The third ground of demurrer to the declaration is that "the declaration charges liability on the part of all the defendants for attorneys' fees when the same shows on its face that only the maker of said note is liable therefor if at all." We do not think this ground of demurrer was well taken. In both the first and second counts of the declaration it is alleged in substance that Bryan Taliaferro and the defendants J. Alex. Little and Lockhart Little, *then and there jointly guaranteed the payment of the note sued on.* It is alleged in the counts that in event the note was not paid at maturity the note might be placed in the the hands of an attorney for collection, and in that event the makers and endorsers should pay an additional sum of $300 for attorneys' fees. This was a part of the money contracted to be paid in the note and it is alleged that the defendants guaranteed the payment of the note. It does not appear from the declaration that there was any qualification or limitation of the guarantee. We have been referred to no authority, nor have we discovered any, which holds that the contract of a guarantor may not be

coextensive with the contract, the performance of which is guaranteed. 1 Brandt on Suretyship and Guaranty, section 111; 2 Randolph on Com. Paper, sections 850, 851; Gridley v. Capen, 72 Ill. 11.

The fourth ground of demurrer to the declaration is that the plaintiff does not show any proper capacity to sue, it being argued that the declaration fails to allege endorsement of the note by Bryan Taliaferro, trustee, its payee. The court is of the opinion that this suit is maintainable under our statute (section 981 Rev. Stats.), authorizing suits by the real party in interest, under the facts alleged in the declaration, which show that the real relation existing between plaintiff and Taliaferro, the payee of the note, was that of principal and agent, and not that of trustee and *cestui que trust* though the note is payable to Taliaferro, trustee. Whether if the latter relation existed the suit could be maintained by the plaintiff is not intended to be decided. Cassidy v. First National Bank, 30 Minn 86, 14 N. W. Rep. 363; Warnock v. Richardson, 50 Iowa 450; Pacific Guano Co. v. Holleman, 12 Fed. Rep. 61. In this connection other questions are presented and argued in the brief of plaintiffs in error, but it does not appear that they are embraced in the grounds of demurrer, and we do not therefore consider them. Florida Central & Peninsular R. R. Co. v. Ashmore, decided at this term.

The second assignment of error "that the court erred in allowing the amendment to said declaration by striking therefrom Victoria Florida Phosphate Co. as defendant and in holding said declaration sufficient with only that amendment" has been considered and disposed of under the first assignment of error.

The third assignment of error is "the court erred in sustaining plaintiff's demurrer to defendants' pleas."

The first of these pleas is "non assumpsit." In view of the allegations of the declaration charging the defendants with the guaranty of the payment of a note we think "non assumpsit" is a proper plea. In Bemis v. McKenzie 13 Fla. 553, this court had occasion to pass upon the scope of this plea, under the rules then in force, and it was held, under those rules that such a plea was good as to the common counts and say "the rule prohibiting the plea of non assumpsit is confined to cases where the action is only on the note, and on the promise to pay contained in or implied by law from it. It is to be read as if it were worded thus. In all actions on bills of exchange and promissory notes *simpliciter*, without any other matter," citing 2 M. & W. 721, 722. It is true that under the rules now existing non assumpsit can not be pleaded ,to the common counts because it is expressly forbidden, but it does not therefore follow it can not apply to an action on a guaranty of the payment of a note not alleged to be a part of the note itself. 2 Chitty Pl. (16th ed. p. 397.) Under Circuit Court rule 64 the plea of non assumpsit is made applicable to this declaration.

The specific objection to the second plea is that it states a conclusion of law. This is a plea to the first and second counts of the declaration, and alleges that defendants did not guarantee the payment of the note as alleged in the declaration, thus traversing the contract or agreement alleged in the declaration. Under section 1064 Revised Statutes and Rule 64 of the Rules of the Circuit Court in Common Law actions, it is a permissable plea. It is true that by the rule referred to such a plea is embraced in, if not equivalent to the plea of non assumpsit and that non assumpsit having been pleaded the other was unnecessary and might have been stricken by the court on motion

as tending to embarrass a fair trial of the case, but it was
not subject to demurrer. It is true that in Pensacola Gas
Co. v. Pebley, 25 Fla. 381, 5 South. Rep. 593, this court
held that a special plea tendering an issue covered by the
plea of not guilty is improper and demurrable.  But we
think the proper practice was announced in Wade v. Doyle,
17 Fla. 522-531. It is there said that a special plea amounts
to the general issue is an objection to the manner of
pleading.  *  *  *  It may be in substance a good plea and
yet subject to attack on the ground. Where special demur-
rers are allowed such a demurrer is the proper method of
attacking such a plea.  *  *  *  Special demurrers are
abolished in this State  *  *  *  but the court has power
to strike out a plea of this character.  *  *  *  tending as
it does, when filed with the plea of the general issue to
embarrass the trial."  We think the doctrine of this case
is the correct one.  It was followed in Barco v. Fennell,
24 Fla. 378, 5 South. Rep. 9, and it has been recognized in
a number of cases since the decision in Pensacola Gas Co.
v. Pebley, *supra, viz*: City of Orlando v. Heard, 29 Fla.
581, 11 South. Rep. 182; Parkhurst v. Stone, 36 Fla. 456,
18 South. Rep. 594; Camp v. Hall, 39 Fla. 535, 22 South.
Rep. 792.  The court therefore erred in sustaining the
demurrer to the second plea.  It is proper, however, to say
that if this were the only error in the record, and it
appeared that the defendant had not been prejudiced by
the ruling, the judgment would not be reversed, for what
is a mere formal error.  We advert to it for the purpose of
calling attention to the correct practice.

It seems to us that the third plea was obnoxious to
demurrer.  The declaration alleged the making of a note
by the Victoria Florida Phosphate Company providing
for the payment of principal and interest and a certain

sum for attorneys' fees, and that defendants guaranteed payment of said note. The plea does not deny any of these facts or that defendants guaranteed payment of the note, as alleged. It does not traverse in terms of the declaration, but seems rather to raise a question of law, whether upon the facts stated in the declaration, and which plea does not specifically deny and therefore admits the defendants can be held to have guaranteed the payment of attorneys' fees.

The fourth assigment of error is that the court erred in striking out defendants' plea filed November 10th, 1896. This plea is substantially the same as the second plea and is embraced in the first plea of non assumpsit. From what has already been said in regard to the ruling of the court on those pleas it is not necessary to pass on this assignment of error.

There are other assignments of error, but in view of what has been decided in this case, it is unnecesary to consider them. The judgment should be reversed and the cause remanded for further proceedings.

GLENN, C., concurs.

PER CURIAM.

The foregoing opinion has been examined by the court and is hereby approved and adopted and ordered to be filed as the opinion of the court in said cause.