Decided 8 June, 1903.

## OVERHOLT *v.* DIETZ.

[72 Pac. 695.]

REAL PARTY IN INTEREST—PLEADING.

1. The defense that the plaintiff is not the real party in interest, and therefore not entitled to maintain the proceeding, must be specially pleaded, and such facts stated as to disclose who the real party may be.

PROMISSORY NOTE—MATERIALITY OF DENIAL OF OWNERSHIP.

2. In a suit on a note and mortgage, a denial of their indorsement and assignment to plaintiff and of his ownership thereof, is not sham, frivolous, or irrelevant, since it raises an issue on a material point, viz., the ownership of the documents.

EVIDENTIARY FACTS—CREDIBILITY OF WITNESS.

3. Entries bearing on the ownership of a note, made in the inventory of the executrix of a deceased partner and in that of the administrator of the partnership estate, and omitted from the surviving partner's schedule, drawn when he made an assignment for creditors, are evidentiary circumstances merely, and not conclusive as to the title to the note.

EFFECT OF SETTLING A GENERAL ASSIGNMENT.

4. The effect of settling a general assignment proceeding out of court is to leave the title of the assignor to the assigned property unaffected.

NOTE—ACTION BY BENEFICIAL OWNER—REAL PARTY IN INTEREST.

5. In actions on promissory notes, where the plaintiff is not the payee, or his indorsee or transferee, he is still the real party in interest, within the meaning of B. & C. Comp. § 27, and may maintain an action on the note, if he can establish an equitable or beneficial ownership.

RIGHT OF SURVIVING PARTNER TO SUE AS REAL PARTY IN INTEREST.

6. Where, on the dissolution of a partnership, the outgoing partner takes from a debtor a note, in which are included debts due to each partner individually and to the firm, and after the outgoing partner's death his executrix turns the note over to the surviving partner, the latter may maintain suit thereon as administrator of the partnership estate, though the code provides that every suit shall be prosecuted in the name of the real party in interest.

FORECLOSURE—LIMITATIONS—PERSONAL DECREE.

7. Where the statute of limitations has run against a note secured by a mortgage, there cannot be a personal judgment, though there may be a foreclosure of the lien for the amount due on the note.

From Grant: MORTON D. CLIFFORD, Judge.

Suit by D. G. Overholt, individually and as administrator of the partnership estate of John Muldrick, deceased, against David D. Dietz. The plaintiff, by his complaint, sets up the previous existence of a copartnership between himself and John Muldrick, and his appointment as administrator of the copartnership estate upon the death of Muldrick; the execution by defendant to Muldrick, on

September 17, 1891, of a promissory note for $1,267.97, payable in one year, with interest at 10 per cent, and a mortgage on certain real property to secure its payment. It is further alleged, in substance, that the note and mortgage were executed to and accepted as partnership property by Muldrick, who duly endorsed, assigned, and transferred the same to the firm of Overholt & Muldrick, by reason whereof said firm became its equitable owner, and that since the death of Muldrick the said D. G. Overholt, individually and as administrator of the copartnership estate, has been and now is the owner and holder thereof; that said note is long since due, etc.; with a prayer for a decree of foreclosure. The answer denies specifically all the allegations of the complaint, except as to the death of John Muldrick, the execution of the note and mortgage, and the ownership of the premises, and alleges that these papers were executed and delivered to Muldrick as his property, and that plaintiff wrongfully obtained possession thereof. The plaintiff moved the court to strike out many of the denials and all of the affirmative matter contained in the answer, but without success, and, the court having decreed a dismissal of the suit, he appeals. REVERSED.

For appellant there was a brief over the name of *Stillman, Leedy & Pierce*, with an oral argument by *Mr. A. D. Leedy*.

For respondent there was a brief over the name of *Dustin & Marks*, with an oral argument by *Mr. Melville Dustin*.

MR. JUSTICE WOLVERTON, after stating the facts in the foregoing terms, delivered the opinion.

1. Plaintiff's first assignment of error is directed to the order overruling his motion to strike out the denials in the answer relative to the indorsement and assignment of the note and mortgage to the firm of Overholt & Muldrick and plaintiff's ownership thereof, it being insisted that

the end intended to be subserved thereby is to raise an
issue as to whether the plaintiff is the real party in inter-
est, and that said answer is manifestly insufficient for that
purpose. There was no attempt to set up that plaintiff
was not the real party in interest. Under the authorities
cited, such a defense should be specially pleaded, and facts
stated showing who the real party may be : *Curtis* v. *Good-
ing*, 99 Ind. 45 ; *Mathis* v. *Thomas*, 101 Ind. 119.

2. The evident purpose of these denials was to contro-
vert plaintiff's allegation of ownership of the note and
mortgage, and they were certainly not only relevant and
competent, but effective, to raise that issue. Without own-
ership of these documents, legal or equitable, plaintiff
could not recover, or be entitled to foreclose ; and the de-
nials put the burden upon him to establish this important
and essential fact by proof. Counsel is therefore mistaken
in defendant's purpose, and, no other reason having been
advanced why the motion should have been sustained, we
hold that the assignment is without merit.

3. We come now to determine whether plaintiff has es-
tablished ownership, so as to entitle him to sue upon the
note. Prior to September 16, 1890, he and Muldrick were
partners, engaged in the mercantile business under the
firm name of Overholt & Muldrick, but on that day the
partnership was dissolved, Muldrick withdrawing from the
business. Plaintiff testifies relative to the dissolution, in
substance, that, when an inventory had been taken of the
property, Muldrick concluded that he would take the notes
and accounts, and that witness could have the merchan-
dise, being of about equal value, namely, $12,000 ; that
Muldrick took the notes and accounts and settled up the
business, paid off the company debts, and was to get his
money out of them for his part of the merchandise, and
witness took the merchandise with the understanding be-
tween them that, when the company debts were paid out

of the notes and accounts and Muldrick had received his pay for one-half interest in the merchandise, the residue thereof should remain the property of the partnership; that in 1891 Muldrick came to the store, and said that Dietz wanted to settle up, and obtained witness' individual account against him of $43.32, as well as the partnership account of $571, and subsequently took Dietz's note, payable to himself, for $1,267.97, being the note sued on, having also included therein a claim of his own against Dietz of $653.65, the three amounts or claims going to make up the face of the note, and that the note and mortgage were given to him by the executrix of the last will and testament of John Muldrick; that, subsequent to such dissolution, namely, in March, 1895, witness made an assignment of his effects for the benefit of his creditors; that at the time Muldrick claimed that witness owed him about $8,000, and would not, on that account, turn over to witness the notes and accounts of the partnership, and for that reason he did not include them in his schedule attached to the deed of assignment; that thereafter, on June 20, 1896, they had a partial settlement of their transactions, but the notes and accounts were not a subject of consideration, or included therein. The contract executed at the time shows that Overholt, being indebted to Muldrick on account of the partnership in the sum of $7,173.47, agreed to convey to him his interest in certain partnership real property, specifically designated and described, valued at that sum. The assignment matter was finally settled out of court. There is no evidence showing any indorsement or assignment of the note by Muldrick to the firm, and the only transfer made was by Mrs. Jennie Muldrick, executrix, giving it into possession of the plaintiff. It appears further that a memorandum of the note is contained in the executrix's inventory of John Muldrick's estate, showing that the interests of the respective parties therein, namely,

Overholt's individually, Overholt & Muldrick's, and Muldrick's individually, were as stated by Overholt in his testimony, and that when it came into the possession of the latter he caused it to be inventoried as partnership property at the principal sum of $571.

To summarize, without extended comment, we take it that the testimony establishes these facts: (1) The existence of a copartnership between plaintiff and Muldrick; (2) the dissolution thereof by mutual consent, the plaintiff taking the merchandise, and agreeing to pay Muldrick one-half the value thereof, the notes and accounts being turned over to Muldrick to collect and pay the partnership liabilities, and, after their satisfaction, one-half the remainder to be applied to the payment of plaintiff's individual liability to Muldrick; (3) the execution by Dietz, the defendant herein, to Muldrick, of the note in question, which included plaintiff's individual account against him of $43.32, the partnership account of $571, and Muldrick's individual account of $653.65, and of the mortgage to secure the payment thereof; (4) the assignment by plaintiff for the benefit of his creditors, and a schedule of his assets, from which his interest in the notes and accounts of the partnership was omitted; (5) the partial settlement between plaintiff and Muldrick, whereby plaintiff conveyed to him his interest in certain real property of the copartnership in satisfaction of his demand, and wherein the notes and accounts were not a subject of consideration; (6) the settlement of the assignment matter out of court; and (7) the delivery of the note and mortgage by Mrs. Muldrick, as executrix, to the plaintiff, as administrator of the copartnership estate. Some of these facts are in dispute, but we think they are established. The manner of the inventory by the executrix and the administrator of the partnership estate cannot affect the real fact of ownership, and plaintiff's omitting to schedule his

interest in the partnership notes and accounts when he made his assignment can do no more than affect the credibility of his testimony regarding his continued ownership in such property; but notwithstanding, we are convinced that the facts are as above stated.

4. The assignment matter having been settled out of court, plaintiff's interest in such notes and accounts was not affected thereby.

5. Under the code practice, every suit shall be prosecuted in the name of the real party in interest. If, however, the subject-matter of the controversy be a note, and the plaintiff a person other than the payee to whose order it is made payable, it is not always necessary that he show an indorsement, or even an assignment by a separate instrument, to enable him to recover. It is enough that he establish an equitable or beneficial ownership of the instrument, even though he may not have the legal title, and, being such equitable or beneficial owner, he is entitled to recover. The proposition is so well established that it needs but little citation of authority in its support: *Weeks* v. *Medler,* 20 Kan. 57; *Warnock* v. *Richardson,* 50 Iowa, 450; *Spurrier* v. *Briggs,* 17 Ind. 529; *Garner* v. *Cook,* 30 Ind. 331; *Heartman* v. *Franks,* 36 Ark. 501.

6. The circumstances under which the note was taken gave plaintiff, both in his individual and representative capacity, a direct interest therein, although it is doubtful whether or not this interest is sufficient of itself to enable him to maintain the suit, either in his individual capacity or as administrator, in view of the fact that the note is payable to Muldrick. The instrument, however, came legitimately into the hands of the executrix of his will, who was entitled, if she had seen proper, to sue upon it in her representative capacity, and enforce its payment. For some reason, not apparent, she chose rather to turn it over to plaintiff, and when he applied for it she gave it to him,

with the view, we must assume, that he should enforce collection in her stead, seeing that he was also interested in the paper. Having thus acquired the rightful possession thereof, we are of the opinion that he was equitably entitled to sue upon it in his representative capacity. As an authority of some analogy in support of this view, see *McDowell* v. *Bartlett*, 14 Iowa, 157. We come the more readily to this conclusion as Dietz has made no defense except to claim payment to Muldrick of $110 upon the note, to which he is entitled, and seeks to defeat a decree upon the sole ground that it would not protect him from being again harassed for the same cause. The fallacy of this view is apparent, however, as the whole matter will be fully disposed of by the result of this litigation.

7. The statute of limitations has run against the note, and hence there cannot be a personal decree; but plaintiff is entitled to a foreclosure of the mortgage and sale of the property to satisfy the demand.

Under the testimony, plaintiff is entitled to $150 as a reasonable attorney's fee for prosecuting the suit, and that amount will be included in the decree. The adjustment of the relative interests of the parties concerned in the proceeds of the sale must be a matter for future settlement. The decree of the trial court will be reversed, and one here entered in accordance with this opinion.

REVERSED.

Decided 15 June, 1903.