Mr. Justice Gordon
delivered the opinion of the court, April 10th 1882.
We can do nothing in this case but affirm the decree of the court below. Even were we otherwise inclined, we would be compelled to encounter an opposing tide of authority against which it would be difficult indeed to make head.
As the Master has found, the privy vault of the defendant, Haugh, by its offensive percolations has rendered foul and'unfit for use the water of the plaintiff’s well. This puts the defendant in the position of maintaining a private nuisance of a continuing character, which injures the property of his neighbor. That such an injury is actionable is sustained by many authorities; among others, The Pottstown Gas Co. v. Murphy, 3 Wr. 257; Shuter v. The City of Philadelphia, 3 Phila. R. 228; Jacobs v. Worrall, 15 Leg. Int. 139. We assent to the opinion of Judge Hare, as found in the case last cited, that the right to have a privy is a right only so long as it is used without material injury to the property'of others ; when its fetid contents begin to leak over upon the adjoining lands it becomes a nuisance and is actionable as such. The plea of necessity fails to justify an act of this kind, for the proposition that one man should, *45 under any circumstances, be permitted to deposit any part of his health-destroying filth in or upon his neighbor’s premises, is simply absurd. Nor is it less, contrary to our ideas of common sense, that he should be allowed to supplement his own cesspool with his neighbor’s water well. Here, however, there is found no necessity for this wrongful act of the defendant, for by a proper construction of his vault he might have used his privy without injury to Dill’s property, for this wrong therefore he has no excuse but the saving of a few dollars — an excuse, we need hardly say, that is utterly without merit.
Nor is the right to equitable interference in order to restrain the continuance of a private nuisance any more doubtful than the right to a common law action. Mr. Eispham, in his work on the Principles of Equity, sec. 439, says that this jurisdiction in cases of nuisance is ancient, and has been traced back to the reign of Elizabeth, since which time it has been constantly exercised ; that in these cases equity has concurrent jurisdiction with the law courts, and that this jurisdiction is justified on the ground of restraining irreparable mischief, or preventing a multiplicity of suits. To the same point is Stewart’s Appeal, 6 P. F. S. 413, and a case almost exactly like the one in hand is Womersley v. Church, 17 L. T. R. (N. S.) 190, where the bill was to restrain the defendant from using a cess-pool, on his own property, in such a manner as to pollute the water feeding the plaintiff’s well.
Decree affirmed with costs to be paid by the appellant.