Consumers Electric Light and Street R. R. Co. v. Smith.—Syllabus.

regular order on the docket, and it appearing to the court that the decree appealed from is a joint one in favor of W. P. Couper, Fannie D. Conant in her own right and as executrix of the last will of Sherman Conant, deceased, and M. O. Arnold, and against the appellant, and M. O. Arnold not being made a party to the appeal, either as appellant or appellee, and not having appeared in any manner in this court, and said M. O. Arnold being a necessary party to the appeal, the said appeal is, therefore, hereby dismissed at the cost of the appellant.

---

THE CONSUMERS ELECTRIC LIGHT AND STREET RAILROAD COMPANY, A CORPORATION, PLAINTIFF IN ERROR, V.S. CHARLES W. SMITH, DEFENDANT IN ERROR.

Appellate Practice—Abstract of Record—Exceptions.

1. Under the rules of practice of this court, where there is an abstract of the record, not excepted to, and therefore admitted to be a true abstract of such record, the case will be adjudged upon such abstract alone, without reference to the transcript.

2. In order to authorize an appellate court to review the ruling of a trial court denying a motion for new trial, such ruling must be duly excepted to; and, where the case is one for consideration upon the abstract of the record alone, such abstract must exhibit the fact of such exception, else it cannot be considered.

Writ of Error to the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the Court.

*P. O. Knight,* for Plaintiff in Error.

No appearance for Defendant in Error.

PER CURIAM.:

This writ of error is from the judgment of a referee in the Circuit Court of Hillsborough county in an action for personal injuries brought by the defendant in error against the plaintiff in error.

The only error assigned is involved in the ruling of the referee denying the motion for a new trial on the ground that the verdict is not supported by the evidence and is contrary to the law and the evidence.

The abstract of the record filed here, and not excepted to, and upon which alone under our rules the case must be adjudged, fails to show that any exception was taken or noted to the ruling of the referee denying the motion for a new trial.

In order to authorize an appellate court to review the ruling of a trial court denying a motion for a new trial such ruling must be duly excepted to; this not having been done, as shown by the abstract of the record in this case, we are unauthorized to consider the propriety or impropriety of such ruling. The question thus presented being the only one upon a which a review is asked, the judgment of the court below is hereby affirmed.