JOHN HOODLESS, PLAINTIFF IN ERROR, v. W. L. JERNIGAN, DEFENDANT IN ERROR.

51 211,
f51 372

51 211
52 173

51 211
53 453
53 468
54 188
54 464

51 211
56 91
56 706
57 123

1. The duty devolves upon the plaintiff in error or his counsel upon resort to an appellate court to make the errors complained of clearly to appear, if they in truth exist, by a proper record of *all the facts and circumstances* pertinent to, and connected with such alleged error, and in exhibiting them the duty likewise devolves upon him to exhibit all such facts and circumstances fairly and truly.

2. The rules contemplate that in making up bills of exceptions based upon the admission or rejection of evidence, where the evidence admitted or rejected, forming the subject of the exception, does not in and of itself show upon its face its pertinency and relevancy to the issue being tried, and there is other evidence either admitted, or proffered and rejected, that will connect it with the case

and show its relevance or pertinence, such other connecting evidence should be set forth in the bill of exceptions so as to enable the appellate court fully and fairly to pass upon the propriety or impropriety of the admission or rejection thereof.

3. The principles enunciated in the former opinion in this case (Hoodless v. Jernigan, 46 Fla. 213, 35 South. Rep. 656) have become the law of this case, and cannot be reviewed or reversed upon this writ of error.

4. Objections interposed to the introduction in evidence of written instruments which do not appear upon the face thereof but would have to be proved by extraneous evidence should be overruled, unless such extraneous evidence has been previously introduced.

5. In both civil and criminal cases the trial court is authorized to regulate the order of the introduction of evidence, and its discretion in this matter will only be interferred with by an appellate court when a clear abuse thereof is made to appear.

6. A motion to strike out from the evidence several documents or instruments as an entirety should be denied if any of said instruments was properly admitted.

7. An appellate court will not consider any grounds of objection to the admissibility of evidence, except such as were made in the court below; the plaintiff in error being confined to the specific grounds of objection made by him in the trial court.

8. Where the bill of exceptions fails to show at what stage of the proofs certain evidence was offered or for what purpose and the grounds upon which the introduction of such evidence was objected to and the grounds upon which the same was excluded, we cannot presume error in the exclusion of such evidence, every presumption being in favor of the correctness of the rulings made by the trial judge.

9. When the bill of exceptions does not show the ruling of the court upon a motion for a new trial or any exception to such rulings, an appellate court cannot consider the merits of such motion or any assignment of error based thereon.

10. An appellate court, equally with suitors, is bound by its rules, and 'they must be construed as statutes would be construed.

This case was decided by Division A.

Writ of Error to the Circuit Court for Santa Rosa County.

The facts in the case are stated in the opinion of the Court.

*Amos & West,* for Plaintiff in Error.

*Daniel Campbell & Son,* for Defendant in Error.

SHACKLEFORD, C. J. The defendant in error as plaintiff brought an action of ejectment against the plaintiff in error as defendant in the  Circuit Court for  Santa Rosa county to recover the possession of a certain described tract of land and for mesne profits. A trial was had at the Spring term, 1905, of said court, which resulted in a verdict and judgment for the plaintiff, to which judgment the defendant took a writ of error returnable to the present term.

This is the second time this case has been brought here by the defendant. See Hoodless v. Jernigan, 46 Fla. 213, 35 South. Rep. 656. That judgment was reversed for certain errors and irregularities found in the verdict and judgment.

Twenty-one errors are assigned, some of which, however, are expressly abandoned and others are not argued. In his brief the plaintiff in error says that "the assignments of error numbered from one to five raise the same questions, practically, as those numbered from nine to fourteen, inclusive, and will be considered together." We shall follow his example in so treating them, so far as we can do so and at the same time make this opinion clear and intelligible. However, before taking up these assignments it may be well to call attention to the fact that the transcript contains both an ordinary and an evidentiary bill of exceptions, which were made up and presented to the trial judge prior to the 15th day of May, 1905, on which date the new rules adopted by this court on the 2nd day of March, 1905, went into effect, therefore, the new rules have no applicability in the instant case. The sixth, seventh and eighth head-note of the former opinion rendered by us in this case (Hoodless v. Jernigan, 46 Fla. 213, 35 South. Rep. 656) will prove instructive. They are as follows:

"6.  The evidentiary and ordinary bills of exceptions must be made up separate and distinct from each other, and each must be sufficient and complete in itself to review the errors designed to be presented, and a reference by the court from one to the other is not permissible, to aid defects in either.

7.  The duty devolves upon the plaintiff in error or his counsel upon resort to an appellate court to make the errors complained of clearly to appear, if they in truth exist, by a proper record of *all the facts and circumstances* pertinent, to, and connected with such alleged error, and in exhibiting them the duty likewise devolves upon him to  exhibit all such facts and  circumstances fairly and truly.

8. The rules contemplate that in making up bills of exceptions based upon the admission or rejection of evidence, where the evidence admitted or rejected, forming the subject of the exception, does not in and of itself show upon its face its pertinency and relevancy , to the issue being tried, and there is other evidence either admitted, or proffered and rejected, that will connect it with the case and show its relevance or pertinence, such other connecting evidence should be set forth in the bill of exceptions so as to enable the appellate court fully and fairly to pass upon the propriety or impropriety of the admission or rejection thereof."

Also see the authorities cited in that opinion, and Daytona Bridge Company v. Bond, 47 Fla. 136, 36 South. Rep. 445; Florida Land Rock Phosphate Co. v. Anderson, 50 Fla. 501, 39 South. Rep. 392. The principles enunciated in the head-notes which we have just set forth, as well as those found in our former opinion generally, have become the law of this case. See Anderson v. Northrop, 44 Fla. 472, 33 South. Rep. 419; Louisville & Nashville R. R. Co. v. Jones, 50 Fla. 225, 39 South. Rep. 485.

The first five assignments are based upon rulings of the trial court admitting in evidence, over the defendant's objections, certain specified written instruments, which we deem it unnecessary to describe in detail or to set forth at length the objections interposed thereto. Generally, it will suffice to repeat what we said in our former opinion, text 220, "As we have seen, being confined to the ordinary bill of exceptions, we can consider only what it presents. We find that it fails to state at what stage of the proofs the evidence was offered and admitted over defendant's objections, which forms the basis of this assignment. Neither are we informed for what purpose

the same was offered." For all practical purposes this language is applicable to all of the first five assignments. This being true, unless the grounds of objection to the introduction in evidence of these several instruments are apparent on the face thereof, we must hold that no error was committed in admitting them, especially as they were all admitted subject to a motion to strike. In other words, if extraneous evidence was necessary to show the inadmissibility of the instruments and it has not been made to appear to us that such evidence had been introduced in the trial court, at the time these instruments were offered, we could not hold that any error was committed. See Thomas v. Williamson, decided here at the present term. It is also settled law in this court that the trial court is authorized to regulate the order of the introduction of evidence, and its discretion in this matter will only be interfered with by an appellate court where clearly abused. See Pittman v. State, decided here at the present term, and authorities therein cited; 15 Ency. Pl. & Pr., 383 et seq.; Abbott's Trial Brief, Civil Jury Trials (2nd ed.) 114, 120.

Tested by these principles, it seems to us that each and every of the first five assignments must fail.

The ninth to the thirteenth assignments inclusive are based upon the denial of the defendant's motion to strike out the several instruments offered and admitted in evidence over the defendant's objections and which admission formed the basis for the first five assignments which we have just treated. We find that the ordinary bill of exceptions discloses the following proceedings concerning the motion in question, the denial of which forms the predicate for the five assignments which we are now considering: "The said plaintiff having concluded and submitted his evidence, the said defendant moved the

court to strike out the following papers offered in evidence by the plaintiff, viz: The deed from B. N. Jernigan to W. L. Jernigan; the deed from L. M. Rhoda Commissioner to B. N. Jernigan; the order of sale and order confirming sale and the record of the probate court in reference to Commissioners sale of the real estate of the estate of John Woods; the sheriff's deed from John W. Butler, sheriff, to John Woods; the certified copies of the minutes of the court re-establishing two judgments and executions in cases of A. & G. Forsheimer and J. Gundersheimer & Co. against Crigler, Batchelder & Pooley, on the grounds stated in each instance in the objections of defendant to the admission of said paper or papers in evidence at the time of its being offered, all of which said objections are now renewed and urged in support of this motion to strike. But the said judge overruled the said motion and permitted the said papers to remain in evidence, to which ruling the defendant then and there excepted."

It will be observed that the motion sought to have stricken out all of the several papers enumerated therein as an entirety. We have repeatedly decided that a motion to strike out the whole of a witness' testimony should be denied if any portion of said testimony so sought to have stricken was admissible. See Freeman v. State, 50 Fla. 38, 39 South. Rep. 785, and authorities therein cited. It necessarily follows that a motion to strike out several documents or instruments as an entirety should be denied if any of said instruments was properly admitted. This is practically what we held in the opinion rendered by us in the instant case when it was here before. (46 Fla. 213, 35 South. Rep. 656). Also see Markey v. State, 47 Fla. 38, 37 South. Rep. 53, and authorities therein cited. It will also be noted that the only grounds stated in the

motion to strike out were objections made to the admission in evidence of the several instruments, which were renewed and urged in support of the motion to strike. To the grounds of objection the plaintiff in error is restricted here. We have aleardy decided that no error has been made to appear to us in the admission of any of these papers, and we must now hold that no error has been made to appear in the denial of this motion. We also call attention to what we have said concerning motions to strike out evidence in Walker v. Lee and Pittman v. State, both of which were decided here at the present term. Also see the authorities cited in those two opinions.

The sixth assignment is predicated upon the ruling of the trial court in refusing to permit the defendant to propound the followng question to witness, W. L. Jernigan: "Were you asquainted with that portion of the property being about three acres in the northwest quarter of the south half of lot 2 in controversy in this suit?" The assignment of error also sets forth another question, the refusal to permit the answer to which is also sought to have reviewed here, but, as the question we have copied above is the only one argued by plaintiff in error, we confine ourselves to it. We find that even this question is not properly before us for consideration for the reason that the ordinary bill of exceptions shows nothing except the propounding of this question by the defendant to the witness on his cross-examination and the fact that plaintiff objected thereto, which objection was sustained, to which an exception was noted. We are not advised in what connection the question was asked or for what purpose and have no information as to what facts he had testified to on his examination in chief. We are not even advised as to what the grounds of the objection were or

in what way the defendant was harmed by the witness not being permitted to answer it. Unless the contrary is clearly made to appear, every presumption is in favor of the correctness of the rulings made by the trial judge. See Clements v. State, decided here at the present term, and authorities therein cited. We also refer to Volusia County Bank v. Bigelow, 45 Fla. 638, 33 South. Rep. 704, 10th head-note, as being in point.

What we have said in disposing of the sixth assignment is also applicable to the seventh assignment.

The remaining assignments are either abandoned or not argued, with the exception of the twenty-first, which is based upon the denial of defendant's motion for a new trial. However, the ordinary bill of exceptions fails to show any ruling of the court on this motion, or any exception thereto, therefore we cannot consider it. Parnell v. State, 47 Fla. 90, 36 South. Rep. 165; Jacksonville Electric Co. v. Adams, 50 Fla. 429, 39 South. Rep. 183.

We regret that these various assignments are not so presented to us that we can consider them, but, as we have several times enunciated, "the appellate court, equally with suitors, is bound by its rules, and they must be construed as statutes would be construed." See Florida Land Rock Phosphate Co. v. Anderson, 50 Fla. 516, 39 South. Rep. 392 and authorities there cited.

No error having been made to appear to us, the judgment must be affirmed, and it is so ordered, at the cost of the plaintiff in error.

COCKRELL and WHITFIELD, JJ., concur.

TAYLOR and HOCKER, JJ., concur in the opinion.

PARKHILL, J., disqualified.