# DECISIONS

OF THE

# Supreme Court of Florida

## JANUARY TERM, A. D. 1917

SEABOARD AIR LINE RAILWAY, A CORPORATION, *Plaintiff in Error*, v. E. O. ANDERSON, *et al., Defendants in Error*.

Opinion Filed January 10, 1917.

1. Where a motion for new trial is duly made, the party making it is entitled to the benefit of the judicial opinion of the trial judge thereon.

2. If upon a motion for new trial duly made the trial judge is of opinion that there is difficulty in reconciling the verdict with the justice of the case and the manifest weight of the evidence, a new trial should be granted.

3. Where in an order by the trial court denying a new trial in an action for damages caused by fire, the court states that "it seems to the court that it is most improbable, from the evidence, that the fire was caused by the defendant," a new trial will be granted by the appellate court.

Writ of Error to Circuit Court for Lake County; W S Bullock, Judge.

Judgment reversed.

*L. W. Duval*, for Plaintiff in Error;

*Bullock & Trantham,* for Defendants in Error;

WHITFIELD, J.—In an action to recover damages for the destruction of a building by fire, a verdict was rendered for the plaintiff. On a motion for new trial the trial judge made the following order:

"This motion came on to be heard and was argued by attorneys for both parties. It seems to the Court that it is most improbable, from the evidence, that this fire was caused by the defendant. The jury having found that the defendant did cause the fire and as they are peculiarly clothed with the duty of determining the credibility of witnesses and weight of the testimony, and their conclusion not being so violently opposed' to all the evidence as to warrant the court to interfere, this motion is denied, to which denial the defendant excepts."

A writ of error was taken to a judgment entered on the verdict for the plaintiff. Among the errors assigned are that the court erred in denying the motion for new trial and in entering judgment for the plaintiff.

The motion for new trial challenges the sufficiency of the evidence to support the verdict; and the probative effect of the evidence to establish liability on the part of the defendant was the principle issue on the merits.

In Tampa Water Works Co. v. Mugge, 60 Fla. 263, 53 South. Rep. 943, a motion was made by the defendant for a new trial, one of the grounds being that the verdict was contrary to the evidence and to the weight of the evidence. The trial judge made an order stating that "the court being of the opinion that the testimony preponderates in favor of the defendant, but being of the further opinion that the questions of fact were within the province of the jury, the motion to set aside the verdict and grant a new trial is denied." It was held that where the

verdict is for the plaintiff and the trial court is of the opinion that the preponderance of the evidence was manifestly in favor of the defendant, it is the duty of the trial judge to set aside the verdict and grant a new trial; and that where an appropriate motion for new trial is duly made in such a case, it is reversible error to deny the motion.

In Schultz v. Pacific Ins. Co., 14 Fla. 73, this court announced the following principles of law: "It is the proper function of a jury to compare and weigh the character and credit of witnesses whose testimony is complicated and contradictory. While it is true that this is the proper function and province of the jury, it is at the same time true that in cases where there is conflict in the testimony, it is within the province and power of the court to set aside a verdict which does not reach a substantially just conclusion in cases where the conflicts are of such character and the circumstances of such nature as to give just ground for the belief that the jury acted through prejudice, passion, mistake or any other cause which should not properly control them. This power exists in the court. In exercising it the court does not encroach upon the province of the jury, for the reason that it does not conclusively settle facts in the form of a verdict, but only gives another jury the opportunity of so doing, and of correcting what appears to be a mistake. If this is not properly within the power of the court, then the result is that the first twelve men that happen to constitute a jury in a given case are by law the final arbiters of the facts in that case. There is no such principle of law.

"This is a conservative and justly prized power of the court; like all powers it may be abused. It is much better however, that exceptional cases of its improper exercise should be endured than that the security which it affords

should be withdrawn. The rule which should govern a court in the exercise of this power should be a fair view of the justice of the particular case, the character of the conflicting testimony, and the surrounding circumstances, rather than an extraordinary degree of respect for the maxim *ad questionem facti non respondent judices ad questionem legis non respondent juratores*—and wherever it appears to the court that there is difficulty in reconciling the verdict with the justice of the case, and the manifest weight of evidence, there the court should not, from a too great respect for this wise and venerable maxim, withhold its power. This is the rule which should govern the judge of the court presiding at the trial, who has the same opportunity as the jury to observe what occurs in the trial. In all cases of appeal the presumption is that he exercised this discretion properly, and the case is not presented to this court as it was to him, because this additional presumption is added to the verdict. Where he has declined to disturb the verdict of the jury, a very clear and strong case must be made out before this court would feel justified in reversing his action. It should be a very plain case to justify an appellate court in setting aside this concurrent conclusion of both court and jury, upon the ground that their action was contrary to the evidence or weight of evidence." See Armstrong v. State, 30 Fla. 170, 11 South. Rep. 618; McDonald v. State, 56 Fla. 74, 47 South. Rep. 485.

A party litigant in a common law action has in general a right to a verdict of a jury and also to a review of the verdict by the trial court.

Where a motion for new trial is duly made, the party making it is entitled to the benefit of the judicial opinion of the trial judge thereon. If upon a motion for new trial duly made the trial judge is of opinion that there is

difficulty in reconciling the verdict with the justice of the case and the manifest weight of the evidence, a new trial should be granted.

In this case the trial court states in the order denying a new trial, that "it seems to the court that it is most improbable, from the evidence, that the fire was caused by the defendant." The order also states that the finding of the jury "not being so violently opposed to all the evidence as to warrant the court to interfere," the motion is denied. If the court considered the liability of the defendant "most improbable, from the evidence," then he obviously had "difficulty in reconciling the verdict with the justice of the case and the manifest weight of the evidence." This being so the defendant had a right to the benefit of such judicial opinion of the trial court, making it the duty of the court to grant a new trial. If reversible error was committed in denying the new trial, the judgment for the plaintiff was erroneously rendered. The statute, section 1693 General Statutes of 1906, makes it the duty of this court, on proper writ of error and bill of exceptions, to review and determine the correctness of the ruling of the trial court on the motion for new trial. Sec. 1906 Complied Laws 1914.

The judgment is reversed and a new trial granted.

BROWNE, C. J., and TAYLOR, SHACKLEFORD and EL-LIS, JJ., concur.