FLORIDA POWER COMPANY, *Plaintiff in Error,* v. H. I. CASON, *Defendant in Error.*

Opinion Filed April 24, 1920.

On Petition for Rehearing.

1. Upon a motion for new trial the following order was made: "This cause has been to the Supreme Court of this State and the testimony there presented to the court they held that as the declaration stated a cause of action the matter should have been submitted to a jury. I am of the same opinion now as at that time, that the evidence did not show any cause of action, and for that reason directed a verdict. The evidence is now practically the same and as the court said, 'there is at least some substantial evidence tending to show injury to the plaintiff's land, and to the growing crops thereon by the rising of the surface waters much nearer the surface which is caused by the dam, the court erred in directing a verdict.' I have submitted to the jury the evidence and they have made a finding and I hold it was within their province to determine the value of such testimony. The motion for a new trial is denied, to which ruling the defendant excepts." Held: that if the judge was of the opinion that the evidence did not show any cause of action and was insufficient to sustain the verdict he should have granted a new trial to defendant.

2. If the evidence at the last trial was in legal effect substantially the same as at the first trial, still this court had not held it sufficient to sustain a verdict for the plaintiff and the defendant was entitled to a ruling thereon by the trial judge, and if the trial judge was of the opinion that the verdict did not accord with the substantial justice of the case and the manifest weight of the evidence it was his duty to grant a new trial duly asked for.

3. Although a motion for a directed verdict for one party may be denied, yet in the same case if the trial court is of the opinion that the verdict does not accord with the manifest weight of the evidence and the substantial justice of the case a new trial should be granted if duly made.

4. The considerations and legal principles that guide the judicial discretion in directing a verdict and in granting a new tral on the evidence are not the same.

5. Questions of the sufficiency of the evidence to sustain the verdict or finding in an action at law can be reviewed only through the medium of a motion for new trial duly made and presented and the statute contemplates that a motion for a new trial shall be adjudicated by the trial judge and an exception duly taken to an order overruling or denying the motion as a perrequisite to an appellate review of the motion for a new trial.

6. Where a motion for new trial is duly made the party making it is entitled to the benefit of the judicial opinion of the trial judge thereon.

7. The doctrine of "reasonable user" having been adopted in this State, the question of unreasonable use and resulting damage should be submitted to the jury upon appropriate instruction when there is any substantial evidence to sustain the issue.

A Writ of Error to the Circuit Court for Citrus County; W. S. Bullock, Judge.

Judgment reversed.

*Anderson & Anderson,* for Plaintiff in Error;

*John U. Bird* and *A. C. Brooks,* for Defendant in Error.

WEST, J.—Upon a second trial of this case the verdict was for the plaintiff and defendant took writ of error. The judgment was affirmed, but upon application of defendant a rehearing was granted.

The cause of action alleged is that the defendant, by erecting a dam across the Withlacoochee River, the natural subterranean drainage of plaintiff's described land "was stopped, obstructed and hindered and the waters of said river so damned up were caused to percolate into and through the said land of the plaintiff, all of which caused said land to be and remain continually from the month of May, 1912, until the institution of this suit, saturated with water and so wet as to render same totally unfit for cultivation or any useful purpose, and that same has been rendered permanently a total loss to the plaintiff," and "that by reason of the erection of said dam and the damming up of the waters of said river as aforesaid, said land and the improvements and growing crops thereon have been damaged."

Damages were adjudged to the plaintiff in the sum of $1,692.00.

In denying a motion for a new trial the Circuit Judge said, as shown by the bill of exceptions: "This cause has been to the Supreme Court of this State and the testimony there presented to the court they held that as the declaration stated a cause of action the matter should

have been submitted to a jury. I am of the same opinion now as at that time, that the evidence did not show any cause of action, and for that reason directed a verdict. The evidence is now practically the same and as the court said 'there is at least some substantial evidence tending to show injury to the plaintiff's land, and to the growing crops thereon, by the rising of the surface waters much nearer the surface which is caused by the dam, the court erred in directing a verdict.' I have submittde to the jury the evidence and they have made a finding and I hold it was within their province to determine the value of such testimony. The motion for a new trial is denied, to which ruling the defendant excepts." For former opinion herein see Florida Power Co. v. Cason, 74 Fla. 1, 76 South. Rep. 535.

The Judge thus in effect stated that in his opinion the evidence did not show any cause of action, but that it was within the province of the jury to determine the value of the testimony and he would not disturb the verdict. If the Judge was of the opinion that the evidence was insufficient to sustain the verdict, he should have granted a new trial. Seaboard Air Line Ry. v. Anderson, 73 Fla. 1, 73 South. Rep. 837; Tampa Water Works Co. v. Mugge, 60 Fla. 263, 53 South. Rep. 943. Schultz v. Pacific Ins. Co., 14 Fla. 73.

In the former opinion herein it is stated that as there was evidence tending to show injury to the plaintiff's property, the case should have been submitted to the jury, and that the verdict rendered may be reviewed by the trial court, citing Carney v. Stringfellow, 73 Fla. 700, 74 South. Rep. 866.

Even if the evidence at the last trial was in legal effect substantially the same as at the first trial, still this

court had not held it sufficient to sustain a verdict for the plaintiff and the defendant was entitled to a ruling thereon by the trial judge; and if the trial judge should be of the opinion that the verdict does not accord with the justice of the case and the manifest weight of the evidence it is his duty to grant a new trial duly asked for. Seaboard Air Line Ry. v. Anderson, *supra;* Schultz v. Pacific Ins. Co., 14 Fla. 73, Text 94.

Although a motion for a directed verdict for one party may be denied, yet in the same case if the trial court is of the opinion that the verdict does not accord with the manifest weight of the evidence and the substantial justice of the cause, a new trial should be granted if duly made. Carney v. Stringfellow, *supra.*

The considerations and legal principles that guide the judicial discretion in directing a verdict and in granting a new trial on the evidence are not the same. Gravette v. Turner, 77 Fla. 311, 81 South. Rep. 476.

Questions as to the sufficiency of the evidence to sustain the verdict or finding in an action at law can be reviewed only through the medium of a motion for a new trial duly made and presented, and the statute contemplates that a motion for new trial shall be adjudicated by the trial judge, and an exception duly taken to an order overruling or denying the motion, as a prerequisite to an appellate review of the motion for new trial. Sec. 1693, Gen. Stats., 1906, Compiled Laws, 1914; Thomas Bros. Co. v. Price & Watson, 56 Fla. 854, 48 South. Rep. 262; Jacksonville Electric Co. v. Adams, 50 Fla. 429, 39 South. Rep. 183; Manatee County State Bank v. Wade, 56 Fla. 492, 47 South. Rep. 927; Hoodless v. Jernigan, 51 Fla. 211, 41 South. Rep. 194; Andrews v. State, 64 Fla.

377, 61 South. Rep. 975; Henry v. Spitler, 67 Fla. 146, 54 South. Rep. 745.

It does not appear from the evidence that the land has been rendered "totally unfit for cultivation for any useful purpose" or that the land "has been rendered permanently a total loss to the plaintiff," as a proximate result of the erection of the dam, or otherwise. The evidence shows the land has been cultivated several years since 1912.

Assuming that the evidence shows a loss of growing crops and of some injury to the land because of the level of the percolating water being raised to or near the surface of the land, it is not entirely clear from the evidence that the erection of the dam in the river was the proximate cause of the loss to the crops. Conceding that the evidence shows the percolating subterranean waters in plaintiff's land were raised by the erection of the dam to a level much nearer the land surface than it was, it appears from the evidence that the damage to the crops may have been caused by an unusual fall of rain water which did not sink into the ground because the level of the subsurface water had been raised by the dam which delayed or prevented the percolation of the surface water. Damage by surface rain water detained on the land because the level of the percolating waters in the land was raised as a result of the erection of the dam, is not alleged as a ground for recovery. If evidence of injury by standing surface water is proper under the declaration, it is contended in effect that it tends to show that the surface rain water was the proximate cause of the loss, if any, and that the raising of the level of the percolating subsurface waters in plaintiff's land was merely a condition harmless in itself, upon which the surface rain water rested, and that such surface rain water during and after

an unusual rain fall was the proximate cause of the injury to the growing crops. A question on the evidence is whether it clearly appears that the mere raising of the level of the percolating subsurface waters was a proximate cause of any of the injuries alleged. See Farnham on Waters, p. 2732. These questions and others raised by the motion for new trial indicate the substantial nature of the defendant's right to have the trial judge pass judicially upon the merits of the motion for new trial.

In the Pebley case (Pensacola Gas. Co. v. Pebley, 25 Fla. 381, 5 South. Rep. 593), and in the New York case (Pixley v. Clark, 35 N. Y. 520, 91 Am. Dec. 72), the injury was immediate and resulted from the mere percolation of water from the defendant's land into the plaintiff's land. See Ball v. Nye, 99 Mass. 582; Wilson v. City of New Bedford, 108 Mass. 261; Crommelin v. Coxe, 30 Ala. 318, 68 Am. Dec. 120; Fleming v. Lockwood, 36 Mont. 384, 92 Pac. Rep. 962, 122 Am. St. Rep. 375.

The appropriateness of the application to the case of the law as stated in the first opinion (Florida Power Co. v. Cason, 74 Fla. 1, 76 South. Rep. 535) is shown by the testimony for the defendant company that the purpose of the dam across the river is to acquire power for "generating and transmitting electric current which is used at phosphate mines, overburden rigs, and to supply various towns and villages with electric light and electric power," which clearly is, as expressed by the Company's counsel in the petition for a rehearing, "for some commercial purpose not connected with the use of the soil or the land itself." See Meeker v. City of East Orange, 77 N. J. L. 623, 74 Atl. Rep. 379; Florida Power Co. v. Cason, 74 Fla. 1, 76 South. Rep. 535. See also Forbell v. City of New York, 164 N. Y. 522, 58 N. E. Rep. 644,

79 Am. St. Rep. 666, 51 L. R. A. 695; Higgins Oil & Fuel Co. v. Guaranty Oil Co., La. , 82 South. Rep. 206; Atkinson v. Virginia Oil & Gas Co., 72 West Va. 707, 79 S. E. Rep. 647, 48 L. R. A. (N. S.) 167; Scott v. Longwell, 139 Mich. 12, 102 N. W. Rep. 230, 5 Ann. Cas. 679; Moore v. Berlin Mills Co., 74 N. H. 305, 67 Atl. Rep. 578, 13 Ann. Cas. 217; Katz v. Walkinshaw, 141 Cal. 116, 70 Pac. Rep. 663, 64 L. R. A. 236; Ohio Oil Co. v. State of Indiana, 177 U. S. 190, 20 Sup. Ct. Rep. 576; Stillwater Water Co. v. Farmer, 89 Minn. 58, 93 N. W. Rep. 907, 99 Am. St. Rep. 541.

The defendant company does not own the river, and permission to erect the dam across the river does not authorize or justify such a use of the waters of the river as will proximately injure substantial rights of the plaintiff. The nature and extent of the injury, if any, for which damages may be recovered by a person for an unlawful or unreasonable use by another of his own property or rights, are to be determined from the principles of law applicable to the particular case upon appropriate allegations and proofs in due course of judicial procedure.

Upon another trial of the case the question of the alleged unreasonable use of the defendant's property and resulting damage to plaintiff should be submitted to the jury, but with appropriate instructions from the court in accordance with the legal principles announced in this opinion and in the former opinion in the case.

For the errors indicated the judgment is reversed.

BROWNE, C. J., AND TAYLOR AND WHITFIELD, J. J., concur.

ELLIS, J., not participating.