B. L. E. REALTY CORPORATION, *Plaintiff in Error*, v. J. W. PARKER, *Defendant in Error*.

135 So. 811.

En Banc.

Opinion filed June 30, 1931.

*John F. Burket* and *Francis C. Dart,* for Plaintiff in Error;

*Frank Redd,* for Defendant in Error.

ANDREWS, Commissioner.—This case is here for review upon writ of error to a final judgment rendered in the Circuit Court of Sarasota County, in favor of plaintiff—defendant in error here—in the sum of $1500.00 for damages based upon alleged breaches of a bilateral truck gardening contract, a copy of which is attached as an exhibit to the declaration.

Plaintiff in his declaration, in substance, alleges four separate breaches of the crop contract which are substantially as follows:

That at a time when plaintiff had the lands practically cleared and ready for cultivation, the defendant over the protest of plaintiff, cut a canal across the said land, which it is alleged had the effect of subdraining said lands so that they were rendered arid, so that the productive character thereof was greatly impaired; second, that defendant at the time when it was necessary for plaintiff to plow the land and prepare the same for planting of a summer crop, refused to furnish a tractor for that purpose as agreed in the contract; third, that defendant refused to furnish or pay its share of expenses of the necessary crates for shipping cantaloupes which plaintiff had produced on said land and that thereby the cantaloupe crop was wasted and became a total loss; fourth, that the construction of said canal on said land necessitated artificial irrigation of said land and the defendant refused to furnish the necessary pipes and labor for such purpose and that as a consequence thereof, a large planting of watermelons which had been made by plaintiff withered and died in the field, becoming a total loss.

A demurrer to this declaration was overruled and pleas were filed denying the indebtedness and by a third plea alleges that

"The Plaintiff breached the contract referred to in said declaration, a copy of which is attached thereto marked exhibit A, and failed and refused to perform the

terms and conditions of said contract binding upon him and abandoned said contract without any right so to do and he is not therefore entitled to recover anything in said cause.''

After a joinder of issue on the pleas of defendant, a trial was had resulting in a verdict in favor of plaintiff in the amount of $2500.00. Whereupon a motion for new trial was presented and thereafter denied upon the condition that the plaintiff enter a remittitur in the amount of $1000.00. Thereupon a judgment was entered for $1500.00 to which defendant took writ of error.

We deem it unnecessary to discuss the issues raised by the demurrer. The case went to trial upon the alleged breaches of the contract by the defendant and at the conclusion of taking the testimony, defendant made a motion for a directed verdict in its favor which was overruled by the court with the statement that:

''I think I will deny the motion and let it go to the jury.''

Defendant in due course presented its motion for new trial and the court entered an order granting the motion unless the plaintiff within 30 days entered a remittitur of $1000.00. The said remittitur was duly entered and judgment rendered on the remainder for the amount of $1500.00.

A careful examination of the testimony as bearing upon the terms of the contract which are alleged to have been breached by defendant will disclose that there is no more evidence upon which to base a judgment for $1500.00 than there was for the $2500.00 found by the verdict; in fact a reading of the testimony will disclose that the evidence is so indefinite and uncertain as to make it practically impossible for a jury to make any finding thereon in favor of plaintiff.

Of course the burden was upon the plaintiff to establish the alleged breaches and prove the damages by a preponderance of the evidence as a result thereof.

According to plaintiff's own testimony, the only amount

demanded of defendant as due and not paid to him was $150.00; in fact, there was practically no testimony as to damages caused either by (1) cutting the canal across the land, (2) delay in furnishing tractor, (3) furnishing defendant's share of the crates for shipping crop, or by (4) furnishing artificial irrigation, but at most can be classed as purely speculative and without any definite proof of damages caused thereby. These four items constitute the main bases in the declaration which attempt to set up any violation of the contract by the defendant.

Plaintiff testified that he spent $150.00 of his own money for labor on growing the crop. This was in addition to the $1300.00 regularly furnished by defendant from time to time. These amounts are well within the limit of the $1500.00 which, under paragraph 5 of the contract, was to be advanced by defendant for personal expenses of plaintiff in producing the crop, and one-half of the net proceeds of the crop was to be set off at final settlement against the plaintiff's share of the crop profits. While there was some evidence of $1600.00 damages for failure of defendant to furnish its share of the crates for a crop of cantaloupes, one-half of such loss, or $800.00 if set off against the $1300.00 advanced by defendant, would still leave plaintiff $500.00 in debt to defendant, in the absence of any definite testimony to the effect that any profits were realized from the adventure. It cannot be merely assumed or implied that there was a profit, and how much. Under the plaintiff's declaration and the contract pleaded, the burden was upon plaintiff to produce evidence that at least one-half of the whole profit was in excess of the $1300.00 which plaintiff admits was advanced to him by defendant, or he should have offered evidence to show that he was prevented from doing so by defendant.

In other words if no profits were shown the defendant could not be liable under the contract, unless the defendant caused the plaintiff to abandon the contract before its

expiration. From plaintiff's own testimony it appears that he abandoned the contract of his own volition which made it unnecessary for defendant to offer proof in support of his plea on that issue of the case.

It was said in the case of Hill v. Peddy, 80 Fla. 832, 86 So. 836, that

> "The rule here is that where a verdict in plaintiff's favor is unsupported by the evidence and is against the weight and preponderance of the evidence, it is the duty of the trial court to set it aside upon motion, and failure to do so is error for which the judgment will be reversed."

No testimony was offered by the defendant and according to plaintiff's own testimony there is certainly nothing upon which to base any verdict in excess of $150.00 unless it breached in some degree some essential portion of the contract; however, the verdict of the jury indicates that defendant was in some measure to blame for the termination of the contract, and upon that theory and that alone the verdict may be sustained to the extent of the $150.00. The judgment of the trial court will be affirmed provided plaintiff shall, within thirty days of the going down of the mandate of this Court, file a remittitur in due form remitting the amount of said judgment in excess of $150.00, and costs as of the date thereof; otherwise the judgment will stand reversed for a new trial.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the court below be and the same is hereby affirmed provided plaintiff shall, within thirty days of the going down of the mandate of this Court, file a remittitur in due form remitting the amount of said judgment in excess of $150.00 and costs, as of the date thereof; otherwise the judgment will stand reversed for a new trial.

Buford, C.J., and Whitfield, Ellis, Terrell, Brown and Davis, J.J., concur.