St. Andrews Bay Lumber Company, a Delaware Corporation, *Plaintiff in Error*, vs. Mark Bernard, Sol Bernard and Jack Bernard, co-partners doing business as Bernard Brothers, *Defendants in Error*.

143 So. 159.

En Banc.

Opinion filed July 19, 1932.

Petition for rehearing denied October 3, 1932.

*R. E. Hamrick*, for Plaintiff in Error;

*Haskins, Gregory & Gordon*, for Defendants in Error.

Per Curiam.—After dismissal of the writ of error in this case for failure of the briefs to comply with amended rule 20 (See 135 So. 831), proper briefs were tendered which on motion were accepted and the cause reinstated on the docket for disposition on its merits.

Motion for a new trial was made and denied, but no exception to the order denying a new trial was taken,

and none appears in the bill of exceptions, although this ruling is attempted to be made the basis of the principal assignment of error, which attacks the sufficiency of the evidence to support a recovery.

The probative force of the evidence cannot be considered on writ of error where no motion for a new trial questioning the sufficiency of the evidence was made. Schmids vs. Tampa Pub. Co., 72 Fla. 571, 73 So. 593. And where a motion for a new trial was made, an exception must be taken to the denial of the motion for a new trial, or the ruling cannot be considered on writ of error taken from the judgment. Florida Power Co. vs. Cason, 79 Fla. 619, 84 So. 921.

While a motion for a new trial is not essential to a consideration of asserted errors duly assigned, which cover matters other than sufficiency of the evidence to sustain the verdict (Florida East Coast Ry. Co. v. Peters, 77 Fla. 411, 83 Sou. Rep. 559), no such errors as will justify a reversal of the judgment in this case have been made to appear, so the judgment appealed from must be affirmed.

Questions of the sufficiency of the evidence to sustain the verdict and judgment to which a writ of error has been taken will not be considered by an appellate court where the record fails to disclose an exception taken by the plaintiff in error to the ruling of the trial court denying the motion for new trial made. See Section 4609 C. G. L., 2904 R. G. S., which requires that the party aggrieved by any order or judgment, except a judgment on demurrer, to make his exceptions thereto. Phillips v. State, 62 Fla. 77, 57 Sou. Rep. 341; Henry v. Spitler, 67 Fla. 146, 64 Sou. Rep. 745, Ann. Cas. 1916E 1267; Johnson v. State, 53 Fla. 42, 43 Sou. Rep. 430; Jacksonville Electric Co. v. Adams, 50 Fla. 429, 39 Sou. Rep. 183,

7 Ann. Cas. 241; Hoodless v. Jernigan, 51 Fla. 211, 41 Sou. Rep. 194.

Affirmed.

BUFORD, C.J., AND WHITFIELD, BROWN AND DAVIS, J.J., concur.

ELLIS, J., concurs specially.

TERRELL, J., not participating.

ELLIS, J., concurring.—Upon considering this case, after the writ of error was dismissed for non-compliance with amended Rule 20 and reinstatement of it upon motion accompanied by briefs which also do not comply with the Rule, I agree to the conclusion of affirmance of the judgment reached because: first, the motion for a new trial is not included in the bill of exceptions; second, there is no exception to the Court's order overruling the motion, and third, the questions submitted bear such relation to the evidence and its sufficiency to support the verdict or to justify instructions given that they were required to rest upon objections presented by a motion for a new trial.

The rule and the reason for its existence requiring a motion for a new trial to be embodied in a bill of exceptions have been so frequently discussed by this Court and the digests are so full of references to those cases that further citation here is a work of superogation.

Whether Chapter 12019 Laws 1927, Sec. 4612 C. G. L. 1927, has succeeded entirely in destroying the aid to accuracy which the administration of justice derived from such salutary rule is the only question left.

A motion for a new trial accompanied by several affidavits taken before a notary public are copied in the transcript but under no certificate of the Judge that they were presented to him and filed in the Clerk's office and thereby came into his custody as part of the files in the cause. Nor does the order overruling the motion iden-

tify the motion copied into the record as the motion presented to the Judge nor does the order refer to or identify the affidavits which accompanied the motion.

Now the statute, Chapter 12019, *supra,* enacted in an effort possibly to simplify, rather to facilitate the preparation of transcripts of record in cases to be reviewed by this Court does contain a proviso designed to secure something of the accuracy required by the rule. That proviso requires that the motion when appearing in the transcript of the record proper shall be presented in such manner as that it may be "definitely identified by the appellate court and so exhibited as to import authenticity."

The Legislature in its effort, I presume to facilitate the preparation of transcripts of record, secure celerity in the transaction of appellate judicial work, reduce the expenses of legal procedure and generally to promote justice and improve upon the efficacy of rules of procedure which have withstood the criticisms of generations and served efficiently to promote accuracy in judicial conclusions, accomplished nothing more by the act than to add a little more to the expense and much to the chances of error. See Kidd v. City of Jacksonville, 99 Fla. 1023, 128 South. Rep. 31; Branch v. State, 96 Fla. 307, 118 South. Rep. 13.