GULF POWER CO. v. ARTHUR RIGBY.

152 So. 23.

Division B.

Opinion Filed January 12, 1934.

*Carter & Yonge,* for Plaintiff in Error;

*John M. Coe,* for Defendant in Error.

BUFORD, J.—The writ of error now under consideration is to a judgment in favor of defendant in suit of unlawful detainer rendered in a trial after verdict in his favor had been rendered on a former trial and had been set aside by the court upon the ground that the same was against the preponderance of the evidence.

The record shows that in this case, after verdict, motion for new trial was made and in the order denying motion for a new trial the trial judge says:

"In the previous trial of this cause, the court was of the opinion that the evidence preponderating against the defendant, and upon verdict for defendant a new trial was granted upon the authority of S. A. L. v. Anderson, 73 Fla. 1, and Tampa Water Works v. Mugge, 60 Fla. 263; at the second trial the evidence was substantially the same, any difference in the weight of the testimony in the last trial, if any, preponderating, in the opinion of the court, against the defendant; however, two juries have passed upon the facts, and the court now feels that it should not disturb the verdict, although it is still of the opinion that verdict should have gone for plaintiff."

The action of the court in this regard was assigned as error. Litigants have certain definite rights and in a common law action the parties have the right to a verdict of a jury and they have the right to have the judicial view of that verdict by the trial court.

Where a motion for new trial is interposed in due course the party making the motion is entitled to the benefit of the judicial opinion of the trial judge upon all questions presented by the motion. It is not within the province of a trial judge to judicially determine that a ground of the motion for a new trial is well taken and that the contention of the party making the motion in this regard is supported by the record and then to deny to such aggrieved party the benefit which should flow to him from that determination. See Carney v. Stringfellow, 73 Fla. 700, 74 Sou. 866; Tampa Water Works v. Mugge, 60 Fla. 263, 53 Sou. 943.

It is well settled that where it is made to appear that the verdict rendered was contrary to the probative force and

weight of the evidence a new trial should be granted. Powell v. English, 97 Fla. 861, 122 Sou. 217; B. L. E. Realty Corp. v. Parker, 102 Fla. 298, 135 Sou. 811; Crawford v. Hinson, opinion filed March 10, 1933, and reported in 146 Sou. 829.

But, where a verdict has been rendered and motion for new trial is made upon the ground that the verdict is contrary to the probative force and weight of the evidence and such motion is denied by the trial court, it will be presumed without an affirmative showing to the contrary that the trial court did not consider that ground of the motion well founded and in such cases the appellate court should not reverse the judgment unless it is made clearly to appear that the order of the trial court in this regard constituted error. Where, however, the trial judge in his order denying the motion for a new trial declares on the record that it is his judicial opinion that the verdict is contrary to the probative force and weight of the evidence, it is his duty to give effect to that judicial determination and award the new trial. If he declines to do so and denies the motion, such action constitutes error and unless the appellate court is convinced that a new trial should not have been granted, because of insufficiency of the evidence in behalf of the prevailing party, the judgment should be reversed.

For the reasons stated, the judgment should be reversed, and it is so ordered.

Reversed.

WHITFIELD, P. J., and BROWN, J., concur.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur in the opinion and judgment.