WOODLAWN PARK CEMETERY CO. v. THOMAS TANGERMAN.

158 So. 306.

Opinion Filed November 30, 1934.

Rehearing Denied January 10, 1935.

*Clifton D. Benson, John C. Sullivan* and *Benjamin E. Carey,* for Plaintiff in Error;

*Robert R. Taylor,* for Appellee.

PER CURIAM.—The writ of error herein was taken to a judgment for the defendant in an action of assumpsit on common counts. The court stated in the charge to the jury that a plea of the general issue was filed in the cause but it does not appear in the record. There were special pleas of set off and counter claim, and also a plea of the three-year statute of limitations. Plaintiff in error presents and argues two questions, viz.:

"1. Whether the plaintiff in this cause is entitled to a new trial under the evidence adduced and the law applicable thereto in this case?

"2. Does the following charge requested by the defendant, given by the court, conflict with the other charges given so as to mislead and confuse the minds of the jury in reaching their verdict, namely: 'You are instructed that if the plaintiff has failed to produce evidence upon which

you can arrive at a definite figure of any amount owing by the defendant to the plaintiff, then you should find for the defendant'?"

It is not shown that the verdict is contrary to law under the issues presented by the pleadings.

As no exception appears to have been taken to the order overruling the motion for a new trial, the probative force of the testimony stands as determined by the verdict and the order denying a new trial.

"An exception must be taken to the denial of a motion for a new trial, or the ruling cannot be considered by the appellate court. Florida Power Co. v. Cason, 79 Fla. 619, 84 So. 921; St. Andrews Bay Lbr. Co. v. Bernard, 106 Fla. 232, 143 So. 159; Henry v. Spitler, 67 Fla. 146, 64 So. 745, Ann. Cas. 1916-E, 1267; Consumers' Elec. Light, etc., R. Co. v. Smith, 43 Fla. 52, 29 So. 445.

"In the absence of an exception to an order granting or refusing a new trial the sufficiency of the evidence is not properly presented to the supreme court. Phillips v. State, 62 Fla. 77, 57 So. 341; Alexander v. Rhine, 78 Fla. 313, 82 So. 831, citing Bell v. Niles, 61 Fla. 114, 55 So. 392. See also Sec. 4608 (2903), 4609 (2904) C. G. L.; Jacksonville El. Co. v. Adams, 50 Fla. 429, 39 So. 183; Hoodless v. Jernigan, 51 Fla. 211, 41 So. 194. 10 Enc. Digest Fla. Reports 350."

The charge of the court above quoted has reference to the issues made by the pleadings and it is not a charge on the facts in violation of the statute. Nor is the charge in conflict with other charges given so as to mislead and confuse the jury. A consideration of the entire record leads to the conclusions that there is no error in the proceedings duly presented for review.

Affirmed.

Davis, C. J., and Whitfeld, Terrell, Brown and Buford, J. J., concur.