## B. DEESE v. STATE.

173 So. 439.

Opinion Filed March 29, 1937.

*Moses Guyton,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, *Roy Campbell,* Assistant, and *John H. Carter, Jr.,* State Attorney, for Defendant in Error.

BUFORD, J.—In this case the defendant was convicted under an information charging him with the offense of unlawfully and feloniously designedly by false pretense and by privy and false token and with intent to defraud and obtain from one J. R. Hayes certain personal property describing the property of the value of $5.30 of the property of said J. R. Hayes.

The record shows that Hayes operated a store where he sold general merchandise; that Deese, the accused, traded with Hayes on credit; that he, Deese, owed Hayes some money (the amount is uncertain as neither party appeared to be able to tell exactly what Deese owed). At any rate,

while Deese was considerably in debt to Hayes, Hayes requested Deese to give him a mortgage to secure the account and further advances. The evidence is conflicting as to whether Deese procured the merchandise described in the information from Hayes at the time he delivered the mortgage. The record shows, however, that the mortgage was to secure the payment of the sum of $40.00.

On the examination of Hayes as a witness in behalf of the State he was asked this question: "As a matter of fact, didn't he owe you at the time the mortgage was made $39.00 and you took the mortgage for $40.00?" To which he answered, "I do not think it would run that high; I do not know the exact amount."

The record also shows that Deese had paid $12.05 on account after the mortgaage was made. Deese and other witnesses testified that Deese did own two steers like those described in the mortgage at the time the mortgage was made. Deese claimed that he delivered one of the steers to Hayes and that the other one died. Hayes testified that Deese did not deliver any steers to him but reported that both of them had died. This reminds the writer of once having heard one of the most prominent merchants of West Florida say that he apprehended that the application of a chattel mortgage would kill the best herd of range cattle in Jackson County within ninety days.

The record also shows that Hayes continued to credit Deese for merchandise after he learned that the property embraced in the chattel mortgage was not available.

We think that the evidence entirely failed to establish an essential element of the offense charged, to-wit, the intent to defraud, for which reason the judgment should be reversed and the cause remanded for new trial.

It is so ordered.

WHITFIELD, TERRELL, DAVIS, and BROWN, J. J., concur.

DAVIS, J. (concurring).—The point is made by the Attorney General that there can be no reversal awarded in this case because no exception appears to have been noted to the trial court's order denying a new trial at the time such order was entered. Such indeed is the general rule (St. Andrews Bay Timber Co. v. Bernard, 106 Fla. 232, 143 Sou. Rep. 159) but the omission of an exception to an order denying a new trial does not oust the Supreme Court of its *jurisdiction* to review a proper assignment of error duly filed in the lower court as part of a bill of exceptions taken as basis of an appeal for new trial. The rule may be relaxed in criminal cases wherein it appears that the ends of justice, and the protection of personal liberty, require a new trial to be ordered for grossly inadequate proof of criminality. Compare Southern Life Ins. Co. v. Cole, 4 Fla. 359; Sanderson v. Sanderson, 17 Fla. 820.