SCHWARTZ, Chief Judge.
In Mini-Hospital, Inc. v. J.P. Realty, Inc., 403 So.2d 520 (Fla. 3d DCA 1981), we reversed a directed verdict entered for the defendants in this cause after a jury verdict for the plaintiffs. Acting upon the broad hint in that opinion that he do so after remand,[1] the trial judge then granted the appellees’ motion for new trial on the ground that the verdict was against the manifest weight of the evidence. Not surprisingly, we now conclude that that order, which is correct in form,[2] represents an appropriate exercise of discretion. Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla.1978); Cloud v. Fallís, 110 So.2d 669 (Fla.1959); Rivera v. White, 386 So.2d 1233 (Fla. 3d DCA 1980).
Affirmed.

. A trial judge who properly denies a motion for directed verdict may still grant a new trial because the verdict is against the manifest weight of the evidence. Atlantic Aircraft Corp. v. English, 198 So.2d 862 (Fla. 3d DCA 1967); Florida Power Company v. Cason, 79 Fla. 619, 84 So. 921 (1920); Gravette v. Turner, 77 Fla. 311, 81 So. 476 (1919).
403 So.2d at 520.

. The order based the contrary-to-the-manifest-weight conclusion upon the following finding: The only basis for liability attributable to these Defendants was a principal-agency relationship which was denied and rebutted by all testimony and evidence except for limited and contradictory testimony of a minimal and confusing nature....